# CASES DETERMINED

## August Term, 1883.

MILLS and wife vs. THE EVANSVILLE SEMINARY and another.

58    135
112    1406

*February 23 — September 11, 1883.*

DEED. *(1, 2) Construction of condition subsequent: What constitutes abandonment of land for " seminary purposes." (3) Merger of contract in deed: continuance in force of omitted condition.*

1. A condition subsequent in a deed will be construed most strongly against the grantor, and a forfeiture will not be enforced unless clearly established.

2. A conveyance to a corporation is assumed to have been upon condition that the land should be used as a site for a seminary building and should revert to the grantors when it should cease to be used for seminary purposes. The land was so used for several years, but in 1874, owing to a lack of funds and patronage, the seminary ceased to be maintained. In 1876, at a meeting attended by only a minority of the voters of the corporation, a resolution was adopted reciting that the seminary had been abandoned as an institution of learning, and empowering the trustees to convey the land to a manufacturing corporation. The original grantors thereupon demanded the surrender of the land to them as reversionary owners. This demand was not complied with, and the land was conveyed in accordance with the resolution, but the grantees in such conveyance never took possession or assumed control of the land, and in 1879 reconveyed it to the seminary corporation. In 1880 the buildings were repaired, against the objection of the original grantors, who claimed that a forfeiture had occurred, and the school was reopened. In an action to recover the land, brought by the original grantors about the time of the reopening

of the school, it is *held* that there was no breach of the condition which worked a forfeiture.

[3. Whether it may be shown by parol that a condition subsequent provided for in a contract for the sale of land, was understood and intended by the parties to continue in force, notwithstanding the subsequent execution of a conveyance absolute in its terms, is not determined.]

APPEAL from the Circuit Court for *Dane* County.

Ejectment. In August, 1855, the plaintiff *David L. Mills* agreed to donate, and executed a bond or contract to convey, the land in question to the defendant corporation. This bond appears to have been lost. On September 14, 1859, both plaintiffs, in pursuance of the contract, executed and delivered to the corporation an unconditional deed of the premises. In reply to a counterclaim setting up such conveyance, the plaintiffs alleged that, by the terms of the original contract or bond, the conveyance was to be upon condition that the land should revert to the grantors when it should cease to be used for seminary purposes; that the condition was omitted from the deed in order that the corporation might, by a mortgage on the land, raise money to complete the seminary buildings then being erected thereon; and that it was not intended that the reversionary right of the plaintiffs should be waived, but it was agreed and understood that the condition of the contract should remain in force. They further alleged that the land had ceased to be used for seminary purposes and that the title had reverted to them. Other facts will appear from the opinion.

The cause was tried by the court without a jury, and from a judgment in favor of the plaintiffs the defendants appealed.

*Burr W. Jones*, as attorney, and *Wm. F. Vilas*, of counsel, for the appellants, argued, among other things: 1. The evidence failed to sustain the allegation that the lost land contract contained a clause of reverter. Such clause was not sufficiently definite to work a forfeiture. And con-

ditions of defeasance are strictly construed. *Morse v. B. F. & M. Ins. Co.*, 30 Wis., 540; *Lawe v. Hyde*, 39 id., 346; *Rawson v. School District*, 7 Allen, 125; *Ayer v. Emery*, 14 id., 67; *Hunt v. Beeson*, 18 Ind., 380; *Merrifield v. Cobleigh*, 4 Cush., 178; *Mead v. Ballard*, 7 Wall., 290; 2 Washb. on R. P., 5–7; 4 Kent's Comm., 130; *Strong v. Doty*, 22 Wis., 381. 2. Such a condition if once dispensed with, in whole or in part, is gone forever. 2 Washb. on R. P., 20; *Sharon Iron Co. v. Erie*, 41 Pa. St., 349; *Ott v. Rape*, 24 Wis., 336. 3. The making of a deed merges and supersedes all prior agreements and negotiations, except those by their terms relating to matters independent of and to be governed after the delivery of the deed. The condition was inconsistent with the deed, and inadmissible. *Carr v. Roach*, 2 Duer, 20; *Austin v. Sawyer*, 9 Cow., 39; *Pattison v. Hull*, id., 747, 754; *Young v. Lego*, 36 Wis., 394; *Witbeck v. Waine*, 16 N. Y., 535; *Haggerty v. Fagan*, 2 Penn., 533; *Jones v. Wood*, 16 Pa. St., 25; *Shontz v. Brown*, 27 id., 123; *Creigh v. Beelin*, 1 Watts & S., 83; *Ware v. Westfall*, 21 Barb., 177; *Bull v. Willard*, 9 id., 641; *Worthington v. Bullitt*, 6 Md., 172; *Williams v. Hathaway*, 19 Pick., 387; *Stow v. Russell*, 36 Ill., 18, 29; *Munford v. Wilson*, 15 Mo., 540; *Hargrave v. Conroy*, 19 N. J. Eq., 281; 7 Wait's Act. & Def., 320; *Reed v. McGrew*, 5 Ohio, 381. The question whether the merger takes place is to be determined from the instruments themselves, and not by evidence of the language of the parties at the time the deed was made. The most that is admissible is evidence of the acts of the parties to show their intention upon the question of merger. *Pattison v. Hull*, 9 Cow., 747; *Irish v. Dean*, 39 Wis., 562; *Atwood v. Norton*, 27 Barb., 638; *Howes v. Barker*, 3 Johns., 506; *Ellis v. Higgins*, 32 Me., 34; *Houghtaling v. Lewis*, 10 Johns., 297; *Townsend v. Peasley*, 35 Wis., 388; *Yenner v. Hammond*, 36 id., 280; *Crawford v. Earl*, 38 id., 316; *Lowber v. Connit*, 36 id., 184.

Mills and wife vs. The Evansville Seminary and another.

4. There was no such abandonment by defendant as to amount to a breach of condition. *Osgood v. Abbott,* 58 Me., 73; *Packard v. Ames,* 16 Gray, 327; *Emerson v. Simpson,* 43 N. H., 475; *Hadley v. Hadley Manuf'g Co.,* 4 Gray, 145; *Sohier v. Church,* 109 Mass., 1. 5. No re-entry for breach of condition having been shown, the action should have been dismissed. *Drew v. Baldwin,* 48 Wis., 529; *Willard v. Henry,* 2 N. H., 120; *Bowen v. Bowen,* 18 Conn., 535; *Chalker v. Chalker,* 1 id., 79; *Stone v. Ellis,* 9 Cush., 95; *Schulenberg v. Harriman,* 21 Wall., 44.

For the respondents there was a brief signed by *David L. Mills,* in person, *Bennett & Sale* and *John Winans,* as attorneys, and *I. C. Sloan,* of counsel, and the cause was argued orally by *Mr. Mills* and *Mr. Sloan.* They contended, *inter alia,* that the provision for reverter in the lost contract did not merge in the subsequent deed. *De Forest v. Holum,* 38 Wis., 516; *Morris v. Whitcher,* 20 N. Y., 41; *Bogart v. Burkhalter,* 1 Denio, 125; *Van Dusen v. Worrell,* 3 Keyes, 311; *Matt v. Coddington,* 1 Rob., 267; *Witbeck v. Waine,* 16 N. Y., 532; *Mayor v. Stuyvesant,* 17 id., 34; *Clute v. Jones,* 28 id., 280; *Atwood v. Norton,* 27 Barb., 638; *Bennett v. Abrams,* 41 id., 619; *Smith v. Holbrook,* 1 Sheldon, 474; *Clift v. White,* 2 Kern., 519; *Horner v. C., M. & St. P. R'y Co.,* 38 Wis., 165; *Mills v. Evansville Seminary,* 47 id., 354. 2. A breach of condition subsequent works a forfeiture of the estate, *ipso facto. Hayden v. Stoughton,* 5 Pick., 528; *Gray v. Blanchard,* 8 id., 284; *Austin v. Parish,* 21 id., 215; *Bowen v. Bowen,* 18 Conn., 535; *Warner v. Bennett,* 31 id., 468; *Stuyvesant v. New York,* 11 Paige, 414; *Nicoll v. N. Y. & Erie R. R. Co.,* 12 N. Y., 121. 3. The acts of defendant in ceasing to use the property, and by resolving that it had been abandoned as a seminary of learning, and conveying it by absolute deed to the manufacturing corporation, amounted to a breach of the condition. *Parker v. Kane,* 4 Wis., 1; *Hilmert v. Christian,* 29 id., 104; *Horner v. C., M. & St. P. R'y*

*Co.*, 38 id., 165; *De Forest v. Holum*, id., 516; *Morris v. Whitcher*, 20 N. Y., 41.

The following opinion was filed March 13, 1883:

COLE, C. J. One desiring to trace the history of this litigation in this court will find it in 47 Wis., 354, and 52 Wis., 669. On the 3d of September, 1880, prior to the last decision, this action at law was commenced to recover the premises known as "Seminary Park," for condition broken. On the trial of this action the plaintiffs were permitted to show, by parol evidence, against the objection of the defendants, that the lost bond for a deed, which was given by the plaintiff *David L.* in August, 1855, contained, among other things, the condition that the premises thereby agreed to be conveyed to the defendant corporation were to be used as a site for seminary grounds and buildings only, and that the title should revert to the plaintiffs when they ceased to be used for such purposes. The plaintiffs were likewise permitted to show by parol, against objection, that when the deed was given, pursuant to the bond, on the 14th of September, 1859, without any such condition being inserted therein, the understanding was that they did not waive the condition, but that the same should continue and remain in force. The plaintiffs claim that they showed by the evidence introduced on the trial that the grounds and buildings had been in fact abandoned by the defendant for seminary purposes; consequently that the title had reverted to them as the reversionary owners. The learned circuit court sustained that view, and gave judgment accordingly.

A number of exceptions are relied on here for a reversal of this judgment. In the first place, it is insisted that the court below erred in admitting evidence to contradict or vary the language of the deed, which in terms granted an indefeasible estate. It is said that even if the alleged con-

dition as to user and reversion was in the preliminary con-
tract, it was not inserted in the deed, which superseded all
prior negotiations and agreements on the same subject;
therefore it must be considered as waived.    Further, it is
argued that the plaintiff's own testimony given on the trial
shows that the condition was intentionally waived so far as
the mortgage to raise $1,000 to complete the building was
concerned, and having been once dispensed with it is said it
is gone forever.    There is undeniably great force in this
argument, but whether it is sound when applied to the facts
of this case we do not feel called upon to determine.    Nor
shall we consider the position that the alleged condition in
the bond could not co-exist or would not survive the execu-
tion of an absolute deed by the plaintiffs.    We are relieved
from deciding these grave questions because we think the
proof fails to show such an abandonment of the premises
for seminary purposes as would work a forfeiture of the
estate, assuming the condition of the bond to be in force.

It is elementary law that such conditions are most
strongly construed against the grantor, and that a forfeiture
will not be enforced unless clearly established.    It is doubt-
less true, as claimed by defendants' counsel, that courts do
not hasten to seize upon mistake or neglect, or even misuser
of property, to adjudge a forfeiture in cases of this nature.
Now, according to the testimony of *Mr. Mills*, the condition
was that the premises should be used as a site for a seminary
building and grounds only,— the title to revert to the
grantors when the property should cease to be used for sem-
inary purposes.    The condition imposed upon the defendant
corporation the duty of keeping up and maintaining, or
causing to be kept up and maintained, an educational in-
stitution on the land — a school or academy where young
persons could be instructed in the several branches of knowl-
edge and science.    But the parties doubtless expected that
there would be interruptions in the school for one reason or

another, and for longer or shorter periods.   But such inter-
ruptions would not operate as a breach unless they amounted
to an absolute and final abandonment of the property for
seminary purposes.   It is admitted that the seminary build-
ing and grounds were used for seminary purposes until the
spring of 1874.   From that time up to about the commence-
ment of this suit there was no school kept in the building.
It does not appear that this was due to any neglect or
failure of the officers of the defendant to encourage a school,
but was owing, doubtless, to a want of funds and public
patronage to support one.   Consequently, the school ran
down and was discontinued for some years.   In the spring
of 1880, however, the buildings were repaired at an expense
of $2,700, and a school was opened in them in the fall of
that year, which has been continued to the time of trial.
The evidence shows that the plaintiff forbade the making of
these repairs, claiming that a forfeiture had already occurred
in consequence of the following acts on the part of the of-
ficers of the defendant:

   It appears that in December, 1875, the trustees of the sem-
inary called a meeting of the legal voters of the corporation,
to be held on the 6th of January, 1876, to take into consid-
eration what should be done with the seminary property.
At this meeting in January, which was attended by only a
minority of the voters, a resolution was adopted which stated
in substance that the seminary had been abandoned as an
institution of learning, and all efforts to induce any other
denomination to accept the property and endow and main-
tain a school there had failed; that as the property in its
unprotected condition would soon run down and become
worthless, the board of trustees was empowered and directed
to deed the seminary property to a corporation recently or-
ganized in the village, known as the Evansville Boot & Shoe
Company.   *Mr. Mills* was present at this meeting and voted
against the resolution, and we think it appears that he al-

ways resisted that disposition of the property. Still, the *Evansville Seminary*, by its officers, deeded the property January 19, 1876, to the Evansville Boot & Shoe Company. Before this deed was executed the plaintiffs made a written demand of the *Evansville Seminary* to surrender to them the "Seminary Park" as reversionary owners. But though the property was conveyed to the boot and shoe company, that corporation never took possession of it or assumed to control it, the possession practically remaining all the while in the seminary corporation. On the 22d of December, 1879, the boot and shoe company reconveyed the property to the defendant corporation.

The court below held that the acts and doings of the legal voters of the seminary at the meeting in January, 1876, especially in conveying the property to the boot and shoe company by an absolute warranty deed, broke the condition and showed an intention to totally abandon the property. That these acts were wholly unauthorized and would constitute a breach, had the matter rested there, may be admitted. But it will be borne in mind that the property was reconveyed to the *Evansville Seminary* prior to the commencement of this suit. The seminary building was repaired and a school opened in it at about that time. When the plaintiffs brought this action to recover the property, indisputably it was used for the object designated; certainly it could not justly be said that it was totally abandoned for seminary purposes. Though a small minority of the legal voters attempted to pervert the grant by conveying the property to the boot and shoe company, yet this project was subsequently abandoned and the premises were reconveyed to the seminary. But during this time the possession was not changed. Such being the case, we do not think the plaintiffs can claim the property for condition broken, for there has been no total abandonment of it for seminary purposes. The failure to maintain a school in the building for a considerable pe-

riod, it appears, resulted from causes which the trustees could not well overcome or control, and ought not to work a forfeiture. True, they conveyed away the property, and did acts quite inconsistent with the due performance of their duty. But they have retraced their steps, and are now using the property for the purpose designated by the grantors. We have referred to the rule of law that these conditions are strictly construed so as to avoid a breach. The authorities upon that point are most clear and emphatic. Counsel have referred to many of them in their briefs. We do not deem it necessary to notice them in detail.

*Osgood v. Abbott*, 58 Me., 73, is a strong case, and shows how far courts go in placing a favorable construction upon the acts of parties, in order to prevent a forfeiture. In that case property was donated for a meeting-house lot, with a condition in the deed that it should revert to the grantor unless it was improved for that purpose. A building was erected upon the lot, which was used for religious services for some years. In the year 1859 the building ceased to be used for such purposes. The house was suffered to get out of repair; the stoves and furniture were removed, and no religious services were held in the house until 1866, though slight repairs had been made upon upon it from time to time. It was claimed by the heirs and personal representatives of the grantor that there had been a forfeiture of the estate for condition broken. But the court decided otherwise, notwithstanding the evidence showed neglect and remissness on the part of the proprietors of the society in maintaining services in the building. This case, in its essential facts, is similar to the one at bar. While, then, the premises in question are used for seminary purposes the alleged condition is fully satisfied. And though the acts and declarations of the trustees and of some of the legal voters, which have been commented on, evince an intention to abandon the property for seminary purposes, still the evidence conclusively shows

that there has been no abandonment in fact.    Both the title and possession are in the defendant corporation, and the building was actually opened for a school about the time this action was commenced.    In view of these facts, we think the plaintiffs should not be allowed to assert that a forfeiture has occurred, and recover the property.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.

CASSODAY, J., took no part.

A motion for a rehearing was denied September 11, 1883.