GAGE v. SCHOOL-DISTRICT No. 7 IN BOSCAWEN.

A condition in a deed making a gift of land to an academy, that when said land shall for the space of two years together cease to be used as a location for a school-house, teachers' house, and the necessary buildings and other purposes of an academy or public school, said land shall revert to the grantor and his heirs, is not broken so as to work a forfeiture of the grant by a conveyance of the land by the grantees to a school-district and the establishment by the district of a public school in the school-house erected thereon; nor by the failure for two years together to keep any school in such school-house.

WRIT OF ENTRY, for one undivided half of two acres of land. Facts found by the court.

February 14, 1866, William H. Gage conveyed the land in question to Penacook Academy, as a gift, upon conditions as follows: "Provided said corporation and its assigns shall erect and forever maintain a good and sufficient fence between said land and other land now owned by said grantor; and provided further, that said corporation shall within two years build a school-house on said land, and said land, nor any part of the same, shall ever be devoted to any other use than a location for a school-house, teachers' house, and the necessary buildings and other purposes of an academy or public school; and when said land shall for the space of two years together cease to be used for such purposes, said land shall revert to said grantor and his heirs, but said corporation shall have the right to remove their buildings from said land."

Within two years the corporation built thereon a brick school-house, in which, from the time of its completion until April, 1883, an academic or high school was kept and maintained. From April, 1883, to September, 1885, no school was kept in the building, but neither it nor the land was devoted during that time to any other use or purpose.

February 26, 1867, the corporation mortgaged the land to H. H. Brown and seven others, to secure notes for $10,500, for money loaned. All but one of the mortgagees were then trustees of the corporation. This mortgage was never foreclosed. In 1883 Isaac K. Gage, John S. Brown, and David A. Brown, three of the mortgagees, acting for the mortgagees, offered the entire property for sale; and August 19, 1885, sold and conveyed it, with full covenants of warranty, to the defendants, who opened a school therein early in September. March 18, 1886, the corporation quitclaimed to the defendant all its right, title, and interest in the premises.

Wm. H. Gage died in 1872, leaving a will, in which he devised his right and interest in one undivided half of the land to the plaintiff, who in June, 1885, entered and took possession for a breach of the condition in the deed.

*Chase & Streeter*, for the plaintiff.

*W. G. Buxton* and *Albin & Martin*, for the defendants.

DOE, C. J.   The deed by which William H. Gage conveyed the land to Penacook Academy contained a proviso that "said corporation and its assigns shall erect and forever maintain" a fence. By another proviso, the corporation was to build a school-house on the land within two years, and the land and buildings were never to "be devoted to any other use than a location for a school-house, teachers' house, and the necessary buildings and other purposes of an academy or public school." The words "assigns" and "academy or public school," and the general educational purpose of the grant are sufficient to show that the corporation could convey the land to the defendants for the purposes of a public school.

The mortgage and what was done by the mortgagees did not work a forfeiture. A foreclosure of the mortgage is not found, and there is no evidence upon which it can be held as matter of law that there was a foreclosure. The mortgagees' conveyance to the defendants may operate as a release of the mortgage; but it did not give a good title. The title passed to the defendants by the deed which the corporation gave them. The mortgagees' acts, of which the plaintiff complains, were harmless.

The land was to revert when it ceased, for the space of two years together, "to be used for such purposes." If by "such purposes" the parties meant a school in operation, there was a forfeiture. "Such purposes" were those previously mentioned in the stipulation that the land should never "be devoted to any other use than a location for a school-house, teachers' house, and the necessary buildings and other purposes of an academy or public school." Taken literally, this does not require a school every two years; and it is not such language as would be likely to be chosen for such a requirement. If the parties had intended there should be a forfeiture when two years passed without a school on the premises, this intention would naturally have been expressed in more direct and unambiguous terms. The land was not "devoted to any other use than a location for a school-house;" and there was no abandonment or ruin. The premises remained in good condition and ready for educational use; and there is no evidence on which it can be found that the non-user was so unreasonable in duration as to defeat the purpose of the grant.

*Judgment for the defendants.*

CARPENTER, J., did not sit: the others concurred.