DOROTHY REUTLER, RESPONDENT, v. EUGENIA RAMSIN, APPELLANT.

Argued June 21, 1917—Decided November 19, 1917.

The defendant agreed to convey a tract of land free from all encumbrances. Defendant's title was subject to a reservation, contained in all the deeds of conveyance since 1805, which excepted out of the tract conveyed a lot "heretofore given and granted, by a former owner of the land, for the purpose of erecting and building a school house thereon for the accommodation of the neighborhood." *Held*, that this exception was an encumbrance on the land contracted to be conveyed, and that the plaintiff was justified in refusing to accept a deed for the land, to be conveyed subject to the exception, in execution of the contract, and was entitled to recover money paid on account of the purchase price when the contract was made. Such grant was for a public and not a private use, against which the statute of limitation does not run.

On appeal from the Supreme Court.

For the appellant, *Clark McK. Whittemore* and *Abram H. Cornish.*

For the respondent, *Foster M. Voorhees* and *Francis A. Gordon.*

The opinion of the court was delivered by

BERGEN, J.    The plaintiff and defendant entered into a contract by the terms of which the defendant agreed to convey to the plaintiff, free from all encumbrances, a tract of land which "Consists of a farm with the buildings thereon located on the road from Rahway to Elizabeth, supposed to contain forty-seven and three-quarters (47¾) acres more or less as stated in a deed made to the party of the first part." The plaintiff paid two thousand dollars ($2,000) on account of the purchase price but refused to accept the deed tendered by the defendant because, as the plaintiff claims, the defendant was not vested with, and could not therefore convey, the land

free from all encumbrances, and thereupon she brought this suit to recover the $2,000 paid. The result of the suit was a judgment for the plaintiff from which the defendant appeals.

The facts are not in dispute, the parties having entered into a written stipulation relating thereto from which it appears that the defendant's title came to her by devise from her husband, whose title was acquired by a deed to him made by John Smith Lloyd in 1867, which, after describing the land by boundaries, contained this reservation: "Always excepting thereout and thereupon a lot of land whereon a school house stood which was heretofore given and granted by the former owner of the land for the purpose of erecting and building a school house thereon for the accommodation of the neighborhood." This exception or reservation first appears in a deed for the land made by Oliver Kelly and wife, to Aaron Miller, in 1805, and appears in all of the deeds conveying this tract, of which there are several, since that time down to and including the deed under which the defendant claims ownership, by words having the same effect. The plaintiff declined the title for two reasons—(a) that the defendant had granted to the North Jersey Telephone and Telegraph Company the right to erect poles along the road fronting the farm, and (b) because the title was subject to the foregoing exception. It is not necessary to now consider the effect of the grant to the telephone and telegraph company, because the reservation being, as we determine, an encumbrance, the title was not that which the defendant had contracted to convey and the plaintiff was not bound to accept it. The defendant contends that the contract does not call for the conveyance of the school house lot, and bases her argument upon the ground that it does not appear that the school house lot was a part of the tract of land which the defendant agreed to convey. By the contract the defendant agreed to convey, free from all encumbrances, subject to an exception not necessary to consider, a tract of land described in the deed under which she claims as follows: "Lying on the Northerly side of the road leading from Rahway to Tremley's Point, containing by estimation Forty-seven and seventy-

two hundredths ($47^{72}/_{100}$) acres of land be the same more or less, and being bounded Westerly by land of John Shotwell, Northeasterly by land of Aaron Shotwell and Southerly by the highway aforesaid," excepting thereout the school house lot in the words hereinbefore set out. As this exception, in substantially the same form, appears in all of the deeds granting the land since 1805, the reserved lot was never conveyed to the defendant or her ancestors in title, and she agreed to convey a tract of land as described in the deed to her husband, without reservation, although his deed is expressly subject to the exemption. The deed of 1805 excepts "The school house and lot heretofore granted," and the subsequent grantors have always excepted the lot from the effect of their respective conveyances, and it thus appears that there was a grant of a part of the land described in the conveyances of the tract of land which the defendant had contracted to sell, and of which every succeeding grantee had notice because it was always reserved and never conveyed. The grantee of the school house lot may at any time assert his title because every grantee of the tract has always recognized such prior ownership and the existence of the grant.

The title which the defendant tendered, and which is all she can convey, is subject to this recognized grant of a part of the premises which she agreed to sell, and is therefore an encumbrance upon it, and the plaintiff is not required to accept the title tendered as an execution of the defendant's agreement. Where a party contracts to sell a tract of land free from all encumbrances, as to part of which there is an outstanding title in a third party, such outstanding title is an encumbrance which justifies the proposed purchaser in refusing to accept it and entitles him to repayment of any part of the purchase price paid on account of an agreement for an unencumbered title.

The defendant, however, urges that it was error to refuse a nonsuit because the plaintiff brought her suit to recover part of the purchase price paid without giving notice of a rescission of the contract. On the day fixed for carrying out the contract the defendant tendered a deed, which the plaint-

iff refused to accept, because of the inability of the defendant to comply with the terms of her contract, and she being, and remaining, unable to comply, the plaintiff was not required to give notice of rescission before bringing suit to recover the money paid the defendant on a contract she was unable to perform. The suit is not rested on a rescission of the con-. tract but upon the refusal, through inability, of the defendant to fulfill it according to its terms. The plaintiff does not complain of any fraudulent inducement to the making of the contract, or seek to have it set aside. Her complaint is that the defendant refuses, in legal effect, to comply with her contract and retains, without any right thereto, the consideration paid on account of the title she had contracted to convey, nothing being required of the plaintiff to restore the status of the defendant. The refusal of the plaintiff to accept the deed is a sufficient notice of rescission if necessary. *Mahoney v. Gano,* 27 *N. E. Rep.* 315.

The next point made by the defendant is that she and her ancestors in title have held the land adversely to the grantee of the school house lot for so many years that the exception is no longer an encumbrance. While the name of the grantee of the school house lot does not appear, the grant was for the purpose of erecting and building a school house thereon for the accommodation of the neighborhood, and the trial court held that this was a grant for public and not for private use, and with this we agree. It is a grant or dedication of land for a public and not a private use, and in no way differs from a grant or dedication of land in a municipality for use by the public as a park. The grant being for a public use adverse possession, if it had been shown to exist with all necessary elements to make it effective, cannot be set up against the public. This renders it unnecessary in this case to determine whether the defendant would be estopped to set up a title adverse to one which her deed recognizes, without some proof of a hostile holding inconsistent with a possession subject to the recognized outstanding title.

The plaintiff is entitled to have her judgment affirmed, with costs, and it is so ordered.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCH-
ARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE,
HEPPENHEIMER, JJ.   10.

*For reversal*—THE CHANCELLOR, WILLIAMS, J.   2.