THE BOARD OF EDUCATION OF THE BOROUGH OF WEST PATERSON, IN THE COUNTY OF PASSAIC AND STATE OF NEW JERSEY,

*v.*

THOMAS BROPHY and MARY BROPHY, his wife.

[Decided January 23d, 1919.]

1. An "estate upon condition" is granted on the limitation or condition that the grantee do certain things, or refrain from doing certain specified things, and if the grantee violates the prescribed conditions, the grantor may re-enter and take possession.

2. An "estate upon conditional limitation" is one where the whole estate is given the grantee absolutely, to terminate absolutely on the happening of a specified event without re-entry; the mere happening of

the event terminating the estate, and the fee passing immediately elsewhere.

3. Conditions subsequent are always construed strictly, and will never work a forfeiture unless clearly expressed in unequivocal terms or necessarily implied.

On bill to quiet title. On pleadings and proofs.

*Mr. Jacob Veenstra,* for the complainant.

*Mr. Michael J. Murphy,* for the defendants.

LEWIS, V. C.

By a deed dated December 24th, 1858, William Brophy and Mary, his wife, conveyed by deed of warranty, for the express consideration of one dollar, certain lands to "the Trustees of Union District School No. 9, of the Township of Acquackanonk." The granting clause is to such trustees "and to their successors and assigns forever;" and the *habendum* "to said parties of the second part, their successors and assigns forever," and so with the covenant of warranty.

The present controversy has arisen because of the following phrases in the deed (after the description of the land) : "Which said premises are hereby conveyed to and for the purpose of having erected thereon a district school house," and (immediately following the conclusion of the covenant of warranty) "to and for the use of having erected thereon and maintained for the use of said district a school house and for playground for the scholars of said district and for no other purpose whatsoever."

A school house was built upon the land; and regular daily school sessions were held therein from the year 1859 to the end of June, 1913.

In 1868, by legislative action, a part of the township of Acquackanonk, embracing the land in question, became the township of Little Falls. By operation of law, the school district, or the board of education thereof, of the new township, acquired title to the school house tract.

In 1914, the legislature incorporated the borough of West Paterson out of that part of the township of Little Falls, in which lay the premises in question. Complainant thereupon took by operation of law the title of the school district (or board of education thereof) of Little Falls township to the school house tract.

No school sessions have been held in the school house since June, 1913; but the school property is in the charge of a committee, constituted of members of the complainant board, and the key to the door is in the custody of a janitor in the employ of the complainant.

Complainant is in peaceable possession of the property, and was in such possession at the time of the filing of this bill.

The defendant Thomas Brophy disputes complainant's title and claims to own the school house tract. In a notice of such claim dated April 30th, 1914, and served upon the board of education of Little Falls township about that time, he claimed as "one of the heirs-at-law of William Brophy, deceased" (the original grantor); and in his answer to complainant's bill he reasserts that claim and claims also as devisee under the will of the wife of said William Brophy.

When complainant's bill was filed no suit was pending to enforce or test the validity of the defendant's claim.

That claim is built up upon the cessation of use of the school premises for school purposes. The central question, therefore, is one of construction of the original deed, and, in particular, of the clauses thereof, hereinbefore quoted, that follow the description and the covenant of warranty. The construction is to be made, of course, in connection with the fact of discontinuance of school sessions on the school house tract.

The evidence shows that at the end of the school year of 1913, the board of education of the township of Little Falls ordered that a carpenter be employed to close up and fasten the windows of the school house, which was accordingly done, and since that date the building has remained in the same condition that it then was, excepting the deterioration caused by time and weather. No money has been expended for repairing, painting or cleaning it since June, 1913. The door and windows have

remained closed and fastened ever since, except on rare occasions when the janitor of a new school built in the neighborhood entered the building, according to his statement. This witness testifies that he never did any work in or about the building or grounds or opened the windows.

The evidence further shows that the board of education of the township of Little Falls had caused to be erected a new and commodious school house within about fifteen hundred yards of the *locus in quo,* and that the children who were wont to attend the old school before it was closed in 1913 have since then attended the new school.

There was testimony also to show that the new school is ample for the children living in that part of the borough, and is likely to remain ample for that purpose for a considerable period of time in the future. It was also testified that some of the desks in the old school were removed by the board of education of the borough of West Paterson to another school in the borough for use there.

The defendant contends there was in fact and in law an abandonment of the school house for the use of a school.

2. That such abandonment operated as a reverter of the title to the defendant.

3. That complainant never acquired title to the premises, relying on the following cases: *Jersey City* v. *Morris Canal Co., 12 N. J. Eq. 547; 9 Am. & Eng. Encycl. L. 55, note 1,* and cases cited thereunder; *4 Kent Com.* § *132; Gage* v. *School District No. 7, 64 N. H. 232; 9 Am. & Eng. Encycl. L. (2d ed.) 73; Methodist Episcopal Church* v. *Pennsylvania Railroad Co., 48 N. J. Eq. 452; Reutler* v. *Ramsin, 102 Atl. Rep. 351; Oxford Board of Trade* v. *Oxford Iron and Steel Co., 81 N. J. Law 694; Freeholders of the County of Cumberland* v. *Buck, 79 N. J. Eq. 472; Munro* v. *Syracuse Railway Co., 200 N. Y. 224; State* v. *Brown, 27 N. J. Law 13; Newark* v. *Watson, 56 N. J. Law 667.*

This suit was brought under the provisions of "An act to compel the determination of claims to real estate in certain cases and to quiet the title to same." *P. L. 1870 p. 20; 4 Comp. Stat. p. 5399:*

*90 N. J. Eq.*     Bd. Education Bor. W. Paterson *v.* Brophy.

"That when any person is in peaceable possession of lands in this state, claiming to own the same, and his title thereto, or to any part thereof, is denied or disputed, or any other person claims or is claimed to own the same, or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, and no suit shall be pending to enforce or test the validity of such title, claim or encumbrance, it shall be lawful for such person so in possession to bring and maintain a suit in chancery to settle the title of said lands, and to clear up all doubts and disputes concerning the same."

The first question to be decided, then, is, whether there is a conditional limitation, a condition subsequent, a covenant, or whether the phrases concerning which a construction is sought by the bill are a mere statement of what the grantee intended to use the land for.

An estate upon condition is granted on the limitation or condition that the grantee do certain things or refrain from doing certain specified things, and should the grantee violate the prescribed conditions, the grantor may re-enter and take possession.

On the other hand, an estate upon conditional limitation is one where the whole estate is given to the grantee absolutely, but upon the happening of a specified event it is to terminate absolutely, and no re-entry is necessary. The happening of the event terminates the estate and the fee goes immediately to some one else.

For example, if an estate be granted to a man as long as he holds the position of a vice-chancellor of the State of New Jersey, and no longer, that would be a conditional limitation and the estate would terminate when the grantee ceased to hold that position, and re-entry or its equivalent would not be necessary.

In the instant case it is, therefore, quite clear that the phrases used in the deed in question do not import a conditional limitation.

In the case of a condition subsequent "where an estate in fee is created on condition, the entire interest does not pass out of the grantor by the same instrument or conveyance. All that remains after the gift or grant takes effect continues in the

grantor and goes to his heirs. This is the right of entry which, from the nature of the grant, is reserved to the grantor and his heirs, and which gives them the right to enter as of their old estate, upon the breach of the condition." *Proprietors of the Church in Brattle Square* v. *Grant et al., 3 Gray (Mass., 1855) 142.*

Conditions subsequent are always construed strictly and will never work a forfeiture unless they are clearly expressed in unequivocal terms or necessarily implied. *Southwick* v. *New York Christian Missionary Society, 135 N. Y. Supp. 392; 151 A. D. 116.*

"It is no less the dictate of reason and justice than of sound law that courts should require the violation of a condition which involves a forfeiture to be clearly established. Conditions, when they tend to defeat estates, are *stricti juris* and to be construed strictly." *1 Shep. Touch. 133 § 8; Roll. Rep. 70.*

"Conditions subsequent, especially when relied upon to work a forfeiture, must be created by express terms or clear implication, and are strictly construed. *Washb. Real Prop. 447; 4 Kent Com. 430; Southard* v. *Central Railroad Co., 2 Dutch. 13, 20.* If it be doubtful whether a clause in a deed be a covenant or a condition, the courts will incline against the latter construction. *4 Kent Com. 132.* And words in a deed, not in form either a covenant or a condition, will be construed as a covenant rather than a condition." *Woodruff* v. *Woodruff, 44 N. J. Eq. 353.*

In the case of *St. Stephen's Church* v. *Church of the Transfiguration, 130 N. Y. App. Div. 166; 114 N. Y. Supp. 623,* the plaintiff bought from the defendant land by deed containing a covenant not to use the land for any but church purposes. The covenant had not caused the land to be sold at a lower price and was of no value to the defendant, who was using it as a means of extortion. The court held the covenant was unenforceable and that the defendant must release it. In the instant case the consideration was only one dollar, so that it is hardly a parallel case.

Lands may be dedicated to public use for school purposes. *4 McQuil. Mun. Corp. § 1543.*

In this suit the question of the present right of the school district to sell this land or to put it to some other use than a school purpose is not in issue, by the defendants' claim of title. All that the claim of the defendants puts in issue is that there has been a forfeiture through non-user. There is nothing to show that the school district contemplates a sale of the land or to put it to some other use than school purposes. If, therefore, this bill to quiet title is sustained without qualification, the adjudication would be to completely dispose of the claim of the defendants and would be an adjudication that the defendants had no rights in the property. This would leave the school district free thereafter to do with it as it pleased without an adjudication having been made of its ultimate right to regard its estate as an absolute fee without restrictions or conditions. Whatever, therefore, may be the basic rights involved between the parties to this suit, it would seem that to sustain the bill to quiet title would confer greater rights upon the school district than either of the parties may have contemplated, namely, the setting at rest of the question of an absolute fee in the school district, which is not in issue in this suit.

All that the defendant claims here is, that through non-user there has been a forfeiture. While the evidence shows that the school building is not at present being actually used for school sessions, there is no evidence to establish the fact that the school district has actually abandoned the property for school purposes. Circumstances might arise at any time which would induce the present board of education to utilize the building and grounds actively for school purposes; or a succeeding board, with different policies, and, perhaps, under changed conditions, might put it in active operation. It might be utilized for a manual training shop, or a kindergarten, or a special school for defective pupils, or a domestic science school and kitchen, or under the application of the *cy pres* doctrine for a school library or a community centre, or a public playground, any one of which might reasonably, perhaps, be construed to be a school purpose in the light of present tendencies. Libraries, community centres and public playgrounds are almost always conducted in conjunction with educational exercises.

I am, therefore, of the opinion that so far as the present suit is concerned, the defendants have failed to show that there has been a forfeiture through non-user, even though I should hold the estate of the school district to be subject to a condition subsequent, which I am not called upon now to decide, and to that extent complainant's title should be quieted.

I am inclined to the view that the original grant to the school district is a grant in fee-simple without condition or limitation, the grantor merely expressing the purpose which it was his desire or wish that the property should be used for.

It is to be observed that in the present grant no forfeiture is prescribed, and both the grant and the *habendum* are unconditional.

If the issue were before me I would be inclined to hold that the grantee took an unconditional fee and that the school district could dispose of the land and building as it saw fit, but, as I conceive the present suit, I am not called upon to go that far. It is sufficient to say that under the evidence there is nothing to warrant the court in finding that the complainant's title is jeopardized or injuriously affected by the defendants' claim; and in view of the fact, as above indicated, that to sustain the bill in its entirety would be to adjudicate the question which I have now shown is not before me for adjudication, I am of the opinion that the bill should either be dismissed or that it should be so modified as to embrace simply the issue of the forfeiture by non-user; so that a decree sustaining it would go no further in adjudicating the rights of the parties.