SUNSHINE PARK, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. WARD T. GULVIN, DEFENDANT.

Decided July 2, 1943.

For the plaintiff, *Leon Leonard.*

For the defendant, *Elwood C. Weeks.*

BURLING, S. C. C. Motion has been made before me as a Supreme Court Commissioner for an order to strike the answer of the defendant in this cause of action. The following reasons are assigned: (a) the answer is sham; (b) untrue in fact; (c) frivolous; (d) insufficient in law; (e) interposed for the purpose of delay.

In support of the motion, affidavit of the assistant secretary of the plaintiff has been presented, and answering affidavits of Wallace C. Roth, and of the defendant, Ward T. Gulvin, have been presented on behalf of the defendant.

The plaintiff in the cause of action demands possession of that certain premises known, designated and described as Lot numbered one (1) in block numbered six (6) on a certain map entitled "Plan of Sunshine Park" made by J. M. Adams, Civil Engineer and Land Surveyor and filed July 9th, 1936, as map of River View Park, being map No. 1000 in the office of the Clerk of Atlantic County, at Mays Landing, N. J.," and located in Sunshine Park, Hamilton Township, Atlantic County, New Jersey, and all that certain premises known, designated and described as Lots numbered one (1), two (2) and three (3) in Block numbered eleven (11) as shown on the map of Sunshine Park, Inc., Hamilton Township, Atlantic County, New Jersey, and filed in the office of the county clerk at Mays Landing and located in Sunshine Park, Hamilton Township, Atlantic County, New Jersey.

By stipulation of counsel, this motion is limited to the portion of the tract of land as above described being Lot numbered one (1) in Block numbered six (6) on said plan, by virtue of the pendency of a cause of action in the Court of Chancery, with *ad interim* restraint relating to the remaining tracts of lands described in said complaint.

The summons appears to have been drafted in accordance with the provisions of rule 183 of the Supreme Court, *N. J. S. A. tit.* 2, and form 2a of the schedule annexed thereto.

The complaint appears to have been drafted in accordance with rule 184 of the Supreme Court rules, and with form 13a annexed to said rules.

The answer raises the general issue and is in or suggested by form No. 22a referred to in rule 185 of the Supreme Court rules.

Apparently neither party has demanded in writing of the other, a bill of particulars, after issue has thus been joined, pursuant to the opportunity provided by *R. S.* 2:51–25; *N. J. S. A.* 2:51–25.

In the first instance, as a matter of practice, there seems to be a doubt as to the authority for a motion to strike out a pleading in the nature of a demurrer at common law in an action in ejectment, and since there is no statute which provides for the striking out of a pleading in an action in ejectment, a notice for that purpose cannot be treated as a demurrer. *Ahlemeyer* v. *Miller* (*Court of Errors and Appeals,* 1927), 103 *N. J. L.* 617 (at *p.* 619); 137 *Atl. Rep.* 543.

The answer was good upon its face, but the plaintiff contended false in fact, and as heretofore stated, added this as an additional ground to strike the answer, thereupon assuming the burden of conclusively proving it to be so by proof. *The Scottish Rite Co.* v. *Salkowitz* (*Court of Errors and Appeals,* 1937), 119 *N. J. L.* 558 (at *p.* 559); 197 *Atl. Rep.* 43.

The defendant pleads the general issue, thus admitting possession by him. *Quilan* v. *Fair Haven* (*Court of Errors and Appeals,* 1925), 102 *N. J. L.* 443 (at *p.* 444); 131 *Atl. Rep.* 870, citing *Jacobson* v. *Hayday* (*Court of Errors and Appeals,* 1912), 83 *N. J. L.* 537 (at *p.* 538); 83 *Atl. Rep.* 902.

The issues raised by both the plaintiff and the defendant in this motion revolve about the effect of two certain deeds:

1—Sunshine Park, Inc. (the plaintiff) to J. Alex Rubin Clark, dated June 22d, 1938, affecting premises in question which contains the following conditions:

"Provided, however and this conveyance is made upon the following expressed conditions and covenants, all of which are hereby declared to run with the land hereby conveyed and to each and every of which the said party of the second part for himself, his heirs and assigns, hereby consents and covenants to observe and keep, that is to say that if the said party of the second part his heirs or assigns shall violate any of the regulations, rules, laws, conditions, orders or by-laws of Sunshine Park, Inc., then the title and interest in and to said premises hereby conveyed shall be and become wholly void, and said premises and appurtenances shall revert to and become revested in said party of the first part, its successors or assigns without re-entry or any other act or ceremony whatever as fully as if these presents had not been made."

And the *habendum* clause of said deed contained the following:

"To have and to hold all and singular the above described land and premises with the appurtenances, unto the said party of the second part, his heirs and assigns, to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns, so long as the same shall be used in compliance with the conditions hereinbefore mentioned and no longer." Which deed was recorded in the office of the clerk of Atlantic County in Deed Book 1078, page 295.

(2) Deed J. Alex Rubin Clark, single man, to Ward T. Gulvin (the defendant herein) dated May 20th, 1941, and recorded in the clerk's office of Atlantic County in Book 1116 of Deeds, page 435, affecting the premises in question, and which deed provided as follows:

"* * * under and subject to certain rules and regulations, covenants and restrictions as therein contained."

It is the contention of the plaintiff that the latter conveyance worked a forfeiture of title, and thereby gave to the plaintiff herein the right of re-entry and possession for the reason that the grantee of the plaintiff, J. Alex Rubin Clark, violated a rule and regulation of the plaintiff contended to be one of those referred to in the first deed above mentioned, which regulation was known as No. Six and reads as follows:

"6. No property transfers, sales, leases, sub-leases or rentals shall be made by any owner-member to any non-owner-member without the written consent of the Park management after formal consideration at a meeting of the Directors."

by virtue of the transfer and sale of the premises in question by said clerk to the defendant herein, as evidenced by the deed referred to herein as No. 2.

This forfeiture is contested by the defendant upon the following grounds: (1) the provision in the primary deed is too vague and uncertain, and (2) the rules and regulations were adopted by the board of directors of the plaintiff rather than by the members thereof, and (3) the factual question of the existence of the rules and regulations, and (4) the application of the doctrine of estoppel by virtue of the representations of the plaintiff's agents as to the non-existence of such regulations.

This motion is denied upon this ground:

A factual question has arisen upon the affidavits of the parties as to the existence or non-existence of rules and regulations which must be primarily and previously disposed of by the triers of the facts before the application of the legal principles germane to such regulations may be made.

The affidavits in question set out directly adverse facts with respect to the existence of such rules and regulations.

It has been repeatedly stated that it is the duty of the court to determine whether an issue of fact has been presented, and not to try the issue on affidavits. *Barnes* v. *P & D Manufacturing Co., Inc. (Court of Errors and Appeals, 1936)*, 117 *N. J. L.* 156 (at *p.* 159); 187 *Atl. Rep.* 186. The power to strike out a pleading must be exercised with the greatest caution and where falsity is alleged, it must appear clearly and palpably so. *Eday Fabrics, Inc.,* v. *Seymour Dress Co. (Court of Errors and Appeals, 1935)*, 116 *N. J. L.* 251; 183 *Atl. Rep.* 167. Violation of conditions which involve a forfeiture must be clearly established and when they tend to defeat estates are to be construed strictly. *Board of Education, Borough of Paterson* v. *Brophy (Court of Chancery, 1918–1919)*, 90 *N. J. Eq.* 57 (at *p.* 62); 106 *Atl. Rep.* 32; *Southward* v. *Central Railroad Co. (Supreme Court, 1856)*, 26 *N. J. L.* 13 (at *p.* 20).

In passing it is to be noted in the alleged regulation depended upon, there appears to be no embargo against the transfer by an owner-member to an owner-member.

The determination of the points of law depend upon the factual question of the existence and the terms and the time and manner of adoption of the rules and regulations, in relation to the provisions of the deed and must await their timely presentment.

An appropriate rule may be presented.