117 N.J. Super. 446 (1971)
285 A.2d 63
CLIFFORD HAGAMAN, PLAINTIFF-APPELLANT,
v.
THE BOARD OF EDUCATION OF THE TOWNSHIP OF WOODBRIDGE IN THE COUNTY OF MIDDLESEX, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1971.
Decided December 14, 1971.
*449 Before Judges KILKENNY, LABRECQUE and LANE.
Mr. Antonio R. Cioffi argued the cause for appellant.
*450 Mr. Stewart M. Hutt argued the cause for respondent (Messrs. Hutt & Berkow, Attorneys; Mr. Hutt, of counsel and on the brief; Mr. Richard W. Kracht, on the brief).
The opinion of the court was delivered by LANE, J.A.D.
The complaint seeks possession of real property conveyed by plaintiff's parents to defendant on October 20, 1925. Both parties moved for summary judgment. The trial court, 112 N.J. Super. 221, granted defendant's motion. The judgment that was entered "ORDERED that Summary Judgment be and is hereby granted to the defendant, Board of Education of the Township of Woodbridge dismissing plaintiff's complaint." Plaintiff appeals.
The deed to defendant contained a provision:
It is the understanding of the parties to this conveyance that the hereinabove described land is conveyed solely for the purpose of being used for the erection and maintenance of a public school or schools and that the Board of Education of Woodbridge Township, N.J., will erect a school thereon on or before the school year of 1926 and use such building for school purposes.
From the affidavits and admissions in the pleadings it was uncontroverted that defendant erected a school building on the property and used the property for school purposes until approximately 1968. In that year the school building was closed. The students who formerly would have attended the school began to attend two new schools within the area. At the time of the trial the property in question was used as a recreational park or playground. It was equipped with swings, a sliding board, monkey bars and basketball courts. During the summer it was supervised by a full-time playground supervisor. Organized and supervised play activities were carried on. On March 2, 1971 after the judgment was rendered the school building was destroyed by fire.
Plaintiff argues that the deed expresses a clear and unequivocal intention to convey a fee simple determinable or a fee simple subject to a condition subsequent and that he *451 is entitled to possession because the property is no longer being used for the maintenance of a public school.
In determining the meaning of a deed, prime consideration is the intent of the parties. Normanoch Association, Inc. v. Baldasanno, 40 N.J. 113, 125 (1963); Baker v. Normanoch Ass'n, Inc., 25 N.J. 407, 417 (1957); Union Co. Indust. Park v. Union Cty. Park Comm'n, 95 N.J. Super. 448, 452 (App. Div. 1967).
An estate in fee simple determinable is an estate in fee simple which automatically determines upon the occurrence of a given event. The grantor retains a possibility of reverter upon the occurrence of the stated event. Lehigh Valley R.R. Co. v. Chapman, 35 N.J. 177, 182 (1961), cert. den. 368 U.S. 928, 82 S.Ct. 364, 7 L.Ed.2d 192 (1961); Oldfield v. Stoeco Homes, Inc., 26 N.J. 246, 254 (1958); Carpender v. New Brunswick, 135 N.J. Eq. 397, 401 (Ch. 1944); Board of Chosen Freeholders of Cumberland County v. Buck, 79 N.J. Eq. 472, 475 (Ch. 1911); Restatement, Property, § 44 at 121 (1936); 2 Powell, Real Property, § 187 at 44 (1967); 4 Thompson, Real Property, § 1871 at 542 (1961). Generally, the intent to create such an estate is indicated by the use of words denoting duration of time such as "while," "during," "so long as." Lehigh Valley R.R. Co. v. Chapman, supra, 35 N.J. at 183; Oldfield v. Stoeco Homes, Inc., supra, 26 N.J. at 256; Board of Chosen Freeholders of Cumberland County v. Buck, supra, 79 N.J. Eq. at 476; Restatement, Property, supra, § 44, comment l, at 128; 2 Powell, Real Property, supra, § 187 at 45-47; 4 Thompson, Real Property, supra, § 1871 at 549. "The absence of some one of these phraseologies makes it likely that a court will find a covenant, a trust, or some other type of interest less drastic in its sanctions." 2 Powell, Real Property, supra, § 187 at 45-47. See Oldfield v. Stoeco Homes, Inc., supra; Alexander Bldg. Corp. v. Carteret, 31 N.J. 87 (1959); Hewitt v. Camden County, 7 N.J. Misc. 528, 146 A. 881 (Cir. Ct. 1929); Board of Education, West Paterson v. Brophy, 90 N.J. Eq. 57 (Ch. 1919). However, *452 "* * * particular forms of expression standing alone and without resort to the purpose of the instrument in question are not determinative * * *." Oldfield v. Stoeco Homes, Inc., supra, 26 N.J. at 256. Words of limitation merely stating the purpose for which the land is conveyed usually do not indicate an intent to create an estate in fee simple determinable although other language in the instrument, the amount of the consideration and the circumstances surrounding the conveyance may indicate such an intent. Restatement, Property, supra, § 44, comment m, at 129-130; 2 Powell, Real Property, supra, § 187 at 48-49. When a conveyance contains only a clause of condition or of covenant, such clause does not usually indicate an intent to create a fee simple determinable. Restatement, Property, supra, § 44, comment n, at 130.
An estate in fee simple subject to a condition subsequent is an estate in fee simple which upon the occurrence of a given event gives to the grantor or his successor in interest the right to reenter and terminate the estate. Upon the occurrence of the given event, the forfeiture of the estate is not automatic. Lehigh Valley R.R. Co. v. Chapman, supra, 35 N.J. at 183; Oldfield v. Stoeco Homes, Inc., supra, 26 N.J. at 254-255; Carpender v. New Brunswick, supra, 135 N.J. Eq. at 401; Board of Chosen Freeholders of Cumberland County v. Buck, supra, 79 N.J. Eq. at 475; Restatement, Property, supra, § 45 at 133; 2 Powell, Real Property, supra, § 188 at 54; 4 Thompson, Real Property, supra, § 1874 at 568. The intent to create such an estate may be indicated by the use of such words as "on condition that," "provided that." Lehigh Valley R.R. Co. v. Chapman, supra, 35 N.J. at 183; Oldfield v. Stoeco Homes, Inc., supra, 26 N.J. at 256; Board of Chosen Freeholders of Cumberland County v. Buck, supra, 79 N.J. Eq. at 476; Restatement, Property, supra, § 45, comment l, at 140. However, such language is not necessarily determinative. Oldfield v. Stoeco Homes, Inc., supra, 26 N.J. at 256; Restatement, Property, supra, § 45, comment n, at 141; 2 *453 Powell, Real Property, supra, § 188 at 58.3; 4 Thompson, Real Property, supra, § 1875 at 577-578 and 583-584. Generally, an intent to create a fee simple subject to a condition subsequent is established when the conveyance contains one of the above phrases and a provision that if the given event occurs the grantor may enter and terminate or has a right to re-enter. Restatement, Property, supra, § 45, comment j, at 139; 2 Powell, Real Property, supra, § 188 at 58-58.1. "Conditions subsequent must be so created as to leave no doubt regarding the grantor's intention." 4 Thompson, Real Property, supra, § 1875 at 578. A mere statement of the use to which the conveyed land is to be devoted is not sufficient to create an estate in fee simple subject to a condition subsequent. Restatement, Property, supra, § 45, comment o, at 143; 2 Powell, Real Property, supra, § 188 at 58.3-58.4; 4 Thompson, Real Property, supra, § 1875 at 584. Absent clear intention to create a fee simple subject to a condition subsequent, a conveyance with words of condition may be found to create a covenant, a trust, or a mere precatory expression. MacKenzie v. Trustees of Presbytery of Jersey City, 67 N.J. Eq. 652, 659 (E. & A. 1905); Restatement, Property, supra, § 45, comment n, at 141; 2 Powell, Real Property, supra, § 188 at 57-58.
Language in an instrument which is alleged to create a fee simple determinable or a fee simple subject to a condition subsequent is strictly construed. "A recognized rule of construction indicates that an instrument, when a choice exists, is to be construed against rather than in favor of a forfeiture." Lehigh Valley R.R. Co. v. Chapman, supra, 35 N.J. at 188; Shuster v. Board of Education, Hardwick Tp., 17 N.J. Super. 357, 359 (App. Div. 1952); 4 Thompson, Real Property, supra, § 1876 at 594.
If a choice is between an estate in fee simple determinable and an estate on condition subsequent, the latter is preferred. Oldfield v. Stoeco Homes, Inc., supra, 26 N.J. at 258; Restatement, Property, supra, § 45, comment m, at 140; 2 Powell, Real Property, supra, § 188 at 56. But see *454 4 Thompson, Real Property, supra, § 1871 at 553. Where it is doubtful whether a clause in a deed is a covenant or a condition, the former is preferred. Lehigh Valley R.R. Co. v. Chapman, supra, 35 N.J. at 188; Oldfield v. Stoeco Homes, Inc., supra, 26 N.J. at 257; Woodruff v. Woodruff, 44 N.J. Eq. 349, 353 (Ch. 1888). When a condition in a deed is relied upon to defeat an estate, it should be strictly construed and its violation must be clearly established. Shuster v. Board of Education, Hardwick Tp., supra, 17 N.J. Super. at 359; Board of Education, West Paterson v. Brophy, supra, 90 N.J. Eq. at 62; Sunshine Park, Inc. v. Gulvin, 21 N.J. Misc. 282, 286, 33 A.2d 704, 706 (Sup. Ct. 1943).
In the present case there are no words indicating an intent to create a fee simple determinable or a fee simple subject to a condition subsequent. There are no words creating either a right of re-entry or a possibility of a reversion.
Plaintiff does not have a right to possession to the property under the deed. This holding by the trial court was correct.
In its decision upon which the judgment was based, the trial court raised an issue that was not in the pleadings. The trial court suggested that the defendant held "a fee simple absolute subject to a trust for the charitable purpose of maintaining an educational facility." The opinion granted leave to plaintiff to amend his complaint to seek the enforcement of a charitable trust; and to the defendant, to answer and counterclaim for a declaratory judgment or for instructions whether under the circumstances a public playground may be substituted for a school use under the doctrine of cy pres.
Plaintiff filed a written "Declination of Permission to Amend." No counterclaim was filed by defendant. In stating that plaintiff could amend his complaint to seek the enforcement of a charitable trust, the trial court was in error. Generally, heirs of a settlor cannot enforce a charitable trust. See First Camden, &c., Trust Co. v. Hiram Lodge No. 81, 134 N.J. Eq. 303, 308 (Ch. 1944), aff'd *455 o.b. 135 N.J. Eq. 505 (E. & A. 1944); MacKenzie v. Trustees of Presbytery of Jersey City, supra, 67 N.J. Eq. at 678; 2 Restatement, Trusts 2d, § 391, comment e, at 280 (1959); 4 Scott on Trusts (3d ed.), § 391 at 3012-3014 (1967); Bogert, Trusts & Trustees (2d ed.) § 415 at 348 (1964). The Attorney General is an indispensable party. Passaic Nat. Bank, &c., Co. v. East Ridgelawn Cemetery, 137 N.J. Eq. 603, 608 (E. & A. 1946). A suit to enforce a charitable trust may be brought by the Attorney General, by the trustee or by one having a special interest in its enforcement. First Camden, &c., Trust Co. v. Hiram Lodge No. 81, supra; Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 250 (App. Div. 1957); 2 Restatement, Trusts 2d, supra, § 391 at 278; 4 Scott, Trusts 3d, supra, § 391 at 3002.
Defendant cross-appeals from so much of the judgment that "adjudges that, the deed from the plaintiff's parents to the defendant, Board of Education does not establish a fee simple estate in the defendant-respondent, Board of Education." No counterclaim was filed by defendant and such relief was not sought. It is inappropriate to seek for the first time on appeal a declaration of defendant's interest in the property. A determination on that question may be made in a proceeding properly brought at a later time seeking such relief. The failure to file a counterclaim in this action will not be a bar to such action.
The judgment is affirmed.