THE SCOTTISH RITE COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PAUL SALKOWITZ, JULIA SALKOWITZ AND PETER SALKOWITZ, DEFENDANTS-APPELLANTS.

Submitted October 29, 1937—Decided January 26, 1938.

———

For the plaintiff-respondent, *Richard M. Dix* (*Henry Schlittenhart,* of counsel).

For the defendants-appellants, *Joseph A. Fuerstman* (*Maxwell M. Albach,* of counsel).

The opinion of the court was delivered by

WALKER, J. The primary inquiry herein is whether the judge of the Circuit Court erred in striking the answer filed by the defendants-appellants.

The complaint is "In Ejectment," and the answer in accordance with rule 185 of the Supreme Court (edition of 1929) is in form 22a with a reservation as to the description. The plaintiff moved to strike said answer alleging the denial of the defendant untrue in fact and sham. The answer was good on its face, but the plaintiff contended false in fact, and thereupon assumed the burden of conclusively proving it to be so by proof.

The Circuit Court found said proof sufficient, struck the answer, and entered a rule for judgment. The correctness of said action is now before this court for determination, and the pertinent facts are:

The defendant Paul Salkowitz entered the premises in question in the year 1920 as a caretaker. In 1926 a specific monthly salary was agreed upon and under said agreement he continued as a caretaker until December, 1934. The monthly salaries were not fully paid, and with a promissory note, an indebtedness became due and owing from the plaintiff. After a hiatus of several months, Salkowitz again assumed the care of the premises (living elsewhere), under

an agreement whereby he was to receive $25 monthly, and finally, in the month of December, 1935, he, and his wife, Julia Salkowitz, and his son, Peter Salkowitz, re-entered the premises, he to take care thereof in his spare time, and receive the sum of $50 per month for such services. In June, 1936, the monthly payment was, by consent, reduced to $25 and he continued as caretaker until May, 1937, when a representative of the plaintiff corporation told him that he would have to vacate. This the defendant Paul Salkowitz and his family refused to do, contending an agreement with the plaintiff whereby occupancy at the election of Paul Salkowitz would continue until all of the indebtedness due and owing to him was paid.

It is not necessary for the court to consider this alleged contention, in that same had not been asserted by the defendant Paul Salkowitz prior to the time he was told to vacate, that is, there is nothing in his proof to indicate that he elected to remain without taking care of the property, before the notice to vacate.

When Salkowitz re-entered the premises in December, 1935, as caretaker at a monthly salary of $50, with use as part remuneration for services, he was a servant of his master, the employer, and not a tenant. The relationship of landlord and tenant was not created between them. *McQuade* v. *Emmons,* 38 *N. J. L.* 397.

It therefore follows that the defendant Paul Salkowitz, upon receipt of notice from the representative of the plaintiff, was a discharged servant, and his affidavit in view thereof does not show facts sufficient to entitle him to defend. (Section 15 and 16, Practice act 1912, and rules 80-84, Supreme Court Edition, 1929.) The case in this respect resembles on the facts, the homicide case of State *v.* Blair, in which Judge Depue's charge is reported in 2 *N. J. L. J.* 346, where the judge said, "the defendant was the owner and in possession of the premises on which the homicide occurred. The deceased was a servant in his employ. He was discharged by the defendant and it became his duty to quit the premises. If after a reasonable time he refused to go, he became a

trespasser, and might be removed from the premises by force, using no more force than was reasonable and necessary."

The order and judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, LLOYD, CASE, BODINE, DONGES, HEHER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, WALKER, JJ. 11.

*For reversal*—THE CHIEF JUSTICE, PARKER, PERSKIE, JJ. 3.