Essex County Circuit Court.

MAX SCHUMAN, PLAINTIFF, v. STEVE ZURAWELL ET AL., DEFENDANTS.

Decided May 23, 1946.

For the plaintiff, *Benjamin S. Appel.*

For the defendants, *Benjamin D. Braelow.*

SMITH, JOSEPH L., C. C. J.   This is a motion to strike defendants' answer on the ground that it is sham or contrary to law.

It appears from the affidavits filed herein that the parties entered into a written contract on May 15th, 1945, whereby the defendants were to perform the duties of superintendent and certain services as janitor in the apartment building of the plaintiff.   The defendants were paid the sum of $100 per month and in addition were given the use of an apartment in the basement.   The agreement provided that either of the parties could terminate the agreement upon giving two weeks' notice.   Nothing was said with regard to the form of notice or the manner in which it was to be given.

Plaintiff alleges that written notice was given to the defendants by registered mail on February 11th, 1946, as appears from the postal receipt which purports to be signed by Walter Zuramel, a son of the defendants, terminating the employment and demanding possession of the premises on March 15th, 1946.   The defendants did not surrender posses-

sion of the premises on March 15th, 1946, despite the fact that plaintiff hired another superintendent who entered upon the duties of superintendent in charge of the premises wherein the defendants reside. The suit in ejectment was not brought until April 11th, 1946. Plaintiff contends that a valid and sufficient notice was given to the defendant in accordance with the agreement of May 15th, 1945, but it is questionable whether for the purposes of this motion any notice is necessary.

Mr. Justice Knapp speaking for our Supreme Court, in *McQuade* v. *Emmons*, 38 *N. J. L.* 397, held that where a party to the suit was employed at a salary of $25 per month and given the use of a house for himself and his family, the relation of master and servant arose and not that of landlord and tenant. In *McQuade* v. *Emmons, supra,* Mr. Justice Knapp (at *p.* 399) said:

"The occupation of the house by McQuade and his family was part of his compensation, for the performance of his engagement with the defendant; it does not show any demise of the house; the possession of McQuade was the possession of his employer, and when he was dismissed from service, and the legal relation existing between them thereby put an end to, his right of occupancy was ended, and his longer remaining on the premises of his master was a trespass."

See, also, *Morris Canal and Banking Co.* v. *Mitchell,* 31 *N. J. L.* 99; *The Scottish Rite Co.* v. *Salkowitz,* 119 *Id.* 558; 197 *Atl. Rep.* 43.

In the instant case the defendants were employed as superintendents and as part of their remuneration they were permitted to occupy an apartment in the premises. This creates a relationship of master and servant and not a relationship of landlord and tenant.

The motion to strike the answer is granted and summary judgment may be entered accordingly.