On July 19th, 1904, the complainant conveyed premises described in the bill of complaint to the town of Woodbridge, *Page 350 
of which municipality the defendant borough is the successor. Both the granting and the habendum clauses in the deed are in fee without any conditions or restrictions, but immediately following the particular description of the property conveyed is the following clause:
"The said tract or parcel of land above described is conveyed to the said party of the second part and its successors upon the condition, nevertheless, that the same shall be used by the said party of the second part for the erection and maintenance thereon of a town hall or lock-up, and for no other purpose, which said town hall or lock-up shall be erected thereon within one year hereafter, and if at any time the said party of the second part or its successors shall cease to use the said tract or parcel of land for the purpose aforesaid the same shall revert to the said Henry A. Heil, Jr., or his heirs and assigns."
Within the period limited by that clause a town hall and lock-up were erected on the premises and were in use by the grantee and its successors continuously until 1925, when a new borough hall and lock-up were built. It is alleged by the complainant that at that time the old municipal building theretofore used as a "town hall and lock-up" was abandoned, and he now seeks to have this court declare a forfeiture of the defendant's estate and prays a decree directing the defendant to reconvey the premises in question to the complainant. The alleged abandonment is denied by the defendant.
The complainant contends that the clause above quoted imposes a conditional limitation while the defendant contends that it is a covenant respecting use for the breach of which the defendant might be held liable in damages, or that it imposes a condition subsequent. The jurisdiction of this court is also challenged by the defendant, who contends that the complainant's remedy, if any, is at law by ejectment. This clause cannot be construed as a covenant (Cornelius v. Ivins, 26 N.J. Law 376), and a discussion of the nice distinction between a condition subsequent and a conditional limitation would, it seems to me, be idle here as I believe that the defendant's objection to this court's jurisdiction is well taken. Forfeitures are not favored in equity and as a general proposition equity will neither relieve against nor enforce a forfeiture, *Page 351 
leaving the parties to their remedy at law (Woodruff v. WaterPower Co., 10 N.J. Eq. 489; Blackwood Improvement Co. v. PublicService Corp., 91 N.J. Eq. 220), and, of course, where the remedy at law is adequate it is elementary that equity has no jurisdiction. That ejectment gives a complete remedy here is shown by such cases as Cornelius v. Ivins, supra; McKelway v.Seymour, 29 N.J. Law 321; The Oxford Board of Trade v. TheOxford Iron and Steel Co., 81 N.J. Law 694; Camden Land Co. v.West Jersey and Seashore Railroad Co., 92 N.J. Law 385; Bouvier
v. Railroad Co., 65 N.J. Law 313, and similar cases. Complainant cites Board of Chosen Freeholders v. Buck, 79 N.J. Eq. 472,
as authority for suit in this court, but that was a bill to quiet title filed by a grantee in possession. Because of such possession ejectment did not lie there. The act authorizing bills to quiet title is designed for persons in peaceable possession who have no means of contesting an adverse claim by suit at law. Oberon Land Co. v. Dunn, 56 N.J. Eq. 749;Blackwood Improvement Co. v. Public Service Corp., supra. For this reason the bill in Freeholders v. Buck was proper; but here the defendant is in possession and there is no bar to an action in ejectment by complainant. Such an action is equivalent to the re-entry required if the clause in question imposes a condition subsequent. McKelway v. Seymour, supra. If it imposes a conditional limitation there is, of course, a reversion by operation of law upon the happening of the contingency, and no judgment of forfeiture would be necessary to vest title in the complainant. In either case it seems to me plain that his proper remedy is by ejectment.
Jurisdiction cannot be maintained because of the prayer for specific performance as there is nothing in the deed which contemplates a reconveyance upon the happening of the condition imposed in the recited clause. In this respect the instant case differs from Baker v. St. Louis, 75 Mo. 671, cited by complainant.
The bill will be dismissed. *Page 352