ESTATE OF GILBERT SMITH, INC., a body corporate, complainant-respondent,

*v.*

EDWARD COHEN, MARION COHEN, his wife, NURSES' GRILL, INC., a body corporate, and JOSEPH GREENBURG, defendants-appellants, and ANNA MILLIGAN, individually and as administratrix of the estate of Sarah C. Morgan, deceased, EDNA VENOBLE, JOHN MORGAN, EASTER MAY VAN DUNK, CHARLES H. MORGAN, ELIZABETH CONKLIN, ROSE BOSTON and AMY ROBINSON, defendants-respondents and counter-claimants-respondents, and DOROTHY SMITH CARTER and WILLIAM G. SMITH, defendants-respondents.

[Argued May 25th, 1937. Decided January 13th, 1938.]

420

*Mr. Otto A. Stiefel,* for the appellants.

*Messrs. Hannoch & Lasser* (*Mr. Herbert J. Hannoch* and *Mr. Morris Weinstein,* of counsel), for the complainant-respondent.

*Mr. Louis Auerbacher,. Jr.,* for the counter-claimants.

The opinion of the court was delivered by

HEHER, J.

The primary inquiry herein is whether the chancellor had jurisdiction to adjudge void three several deeds by which William G. Smith, Dorothy Smith Carter and Sarah C. Mor-

gan purported to convey to Edward Cohen and Marion Cohen, his wife, their respective undivided interests in a certain tract of land situate in the counties of Essex and Union, in this state, comprising eighteen acres, under a devise by Gilbert Smith to them and other lineal descendants, and the subsequent grant of the same interests by the Cohens to Nurses' Grill, Inc. While styled a "bill to quiet title," the learned vice-chancellor ruled that, for lack of an allegation that no suit was pending to enforce or test the validity of defendants' asserted title, it was not maintainable as such, but was good as a bill *quia timet* to remove a cloud upon the title.

The bill alleged that the Cohens procured these conveyances with actual knowledge of, and "with the intention of circumventing," a prior conveyance of their grantors and the latter's co-devisees of the entire tract to the Estate of Gilbert Smith, Inc., a body corporate formed by all the devisees to permit of the raising of sufficient moneys by mortgage to satisfy arrears of taxes and a mortgage and judgment covering one of the undivided interests, and to manage the property for the common benefit. Sarah C. Morgan, by counter-claim, prayed that, for fraudulent representations claimed to have been made, the conveyance so made by her be vacated.

The vice-chancellor resolved these issues against the Cohens and their successor in title; and we concur in those conclusions.

The frantic efforts of the Cohens to procure the execution of the deeds in the dead of night, the varying prices paid for the same *quantum* of interest—$1,000 to one, $600 to another and $200 to a third—, the purchases of municipal tax liens and the mortgage and judgment covering the undivided share of Garrett Smith, one of the devisees, the institution of foreclosure proceedings on the mortgage and the issuance of execution upon the judgment, the attempts to dissuade the mortgage lender from advancing the moneys necessary to consummate the scheme to rehabilitate and save the property to the owners—, all these things are denotive of knowledge of the

general object of the agreement between the devisees, and of the formation of the corporation and the execution and delivery of deeds transferring the devisees' title to it in fulfillment thereof, and of a purpose to frustrate the plan by the prior recording of deeds conveying individual undivided interests.

We perceive nothing of substance in the contentions that the corporation had not then come into legal being—it had at least a *de facto* status—and that, in any event, if there was a delivery of the deed conveying the title to it, it was conditional and ineffectual as against the conveyances to the Cohens. Theirs was patently an unconscionable attempt to set at naught a scheme contrived to save the property, and acted upon by all the parties in interest. It is to be here observed that the mortgage money adverted to had been actually advanced when the Cohens took the conveyances in question.

But the Cohens or their corporate successor—the corporate stock was held by them—were, at the time of the filing of the bill herein, in possession of a small portion of the tract—two hundred feet by one hundred feet—, under a lease made by the executors of Gilbert Smith, and were thereon conducting a roadside business; and the insistence is that, in such circumstances, the legal remedy of ejectment is adequate and equity was therefore without jurisdiction.

The bill is not sustainable as one to quiet title under the statute. *Comp. Stat. 1910 p. 5399.* As stated, complainant was not in peaceable possession in fact of the whole of the tract; nor did the bill contain an allegation that no suit was pending to enforce or test the validity of its title. Yet the subject-matter is within the original general jurisdiction of equity to remove a cloud from the title to lands. The original equity jurisdiction to quiet title, independent of statute, was invocable only by one in possession who also was invested with the legal title, when successive actions at law, all of which had failed, were instituted against him by a single person out of possession, or when several persons asserted equitable titles against the complainant-possessor holding the legal or an

equitable title. *Pom. Eq. Jur. (4th ed.)*, §§ *1394, 1396, 1397.* See *Palmer* v. *Sinnickson, 59 N. J. Eq. 530.*

But possession is not of the essence of the right to equitable relief against a cloud upon the title. That jurisdiction—*quia timet* in principle—is grounded in the need for the protection of the complainant's title against the injury or vexatious embarrassment that may flow from the deed or other instrument or proceeding constituting the cloud. If the estate or interest to be protected is equitable, possession is not an essential, for the subject-matter is cognizable only in equity. And on principle possession is not a requisite for such relief where the estate or interest is legal in its nature, if under the special circumstances the legal remedy is inadequate to do full and complete justice. Possession has significance only as regards the existence of an adequate remedy at law. If, by reason of defendant's possession, ejectment is an appropriate remedy, and there are no peculiar circumstances calling for equitable interposition, complainant will be left to his legal remedy. He is required, in such circumstances, to put the adverse title asserted by the defendant to the legal test. *Jersey City* v. *Lembeck, 31 N. J. Eq. 255; Sheppard* v. *Nixon, 43 N. J. Eq. 627; Brady* v. *Carteret Realty Co., 70 N. J. Eq. 748; McGrath* v. *Norcross, 71 N. J. Eq. 763; Van Houten* v. *Van Houten, 68 N. J. Eq. 358; Blackwood Improvement Co.* v. *Public Service Corp., 91 N. J. Eq. 220; Renwick* v. *Hay, 90 N. J. Eq. 148; Oberon Land Co.* v. *Dunn, 56 N. J. Eq. 749; Fittichauer* v. *Metropolitan Fire Proofing Co., 70 N. J. Eq. 429; Yauger* v. *Skinner, 14 N. J. Eq. 389; Foley* v. *Kirk, 33 N. J. Eq. 170; Shotwell* v. *Shotwell, 24 N. J. Eq. 378; Haythorn* v. *Margarem, 7 N. J. Eq. 324; Pom. Eq. Jur.* §§ *1398, 1399.*

The particular ground of this equitable jurisdiction, where extrinsic evidence is necessary to show the invalidity of the deed or other instrument affecting the title, is that such outstanding document may be asserted to the detriment, injury or embarrassment of the holder of the legal title when, by reason of lapse of time or other circumstances, the evidence to demonstrate its invalidity may not be available—or its

authority may be impaired—, and there is no way by which the titleholder can put this possible adverse claim to a test and determination at law. The possibility of a future unconscionable or inequitable use of the instrument, with the consequent clouding of the title, justifies appropriate equitable relief where there is no sufficient legal remedy. Manifestly, the case for equitable intervention on this ground is much the stronger when resort is to be had to parol testimony to establish the invalidity of the instrument casting doubt upon the title. *Brady* v. *Carteret Realty Co., supra; De Luca* v. *Ventura, 105 N. J. Eq. 288; Foley* v. *Kirk, supra; Van Duyne* v. *Vreeland, 12 N. J. Eq. 142, 157; Morris Canal & Banking Co.* v. *Jersey City, Ibid. 227; Shotwell* v. *Shotwell, supra; Stevens* v. *Ryerson, 6 N. J. Eq. 477.* The remedy is essentially preventive in nature. As said in *Van Duyne* v. *Vreeland, supra* (at *p. 157*) : "A bill *quia timet* is to accomplish the ends of precautionary justice. The party seeks the aid of a court of equity *because he fears* some future probable injury to his rights or interests. They are applied to prevent wrongs or anticipated mischiefs, and not merely to redress them when done. The relief granted must depend upon circumstances." This jurisdiction "to relieve the holders of real property from vexatious claims to it, casting a cloud upon their title, and thus disturbing them in its peaceable use and enjoyment, is inherent in a court of equity." *Holland* v. *Challen, 110 U. S. 15; 3 S. Ct. 495, 500; 28 L. Ed. 52.* In this regard, it is to be considered that equity may, in the exercise of its broad power to decree the delivery and cancellation of an invalid deed or other instrument affecting the title, ofttimes provide a more efficient remedy than that available at law. *Sheppard* v. *Nixon, supra; Foley* v. *Kirk, supra; Shotwell* v. *Shotwell, supra; Stevens* v. *Ryerson, supra; Nugent* v. *Lindsley, 92 N. J. Eq. 128.*

And the statute adverted to, granting to one in peaceable possession of lands, claiming to own the same, the right to have his disputed title quieted in equity, did not curtail this ancient equitable jurisdiction. The proceeding authorized by that act is a mere extension of the principle *quia timet.* The

legislative design was to afford to a landowner in peaceable possession in fact a remedy against adverse claims where none existed, either at law or in equity. There is nothing to suggest a purpose to deprive equity of its ancient jurisdiction, or to restrict it in the grant of its distinctive remedies. Moreover, it is not within the competency of the legislature to infringe upon the respective exclusive jurisdictions of law and equity as delimited at the time of the adoption of our present Constitution in 1844. *Jersey City* v. *Lembeck, supra; McGrath* v. *Norcross, supra; McClave* v. *McGregor, 72 N. J. Eq. 218; Claron* v. *Thommessen, 94 N. J. Eq. 530; Van Houten* v. *Van Houten, supra; Fittichauer* v. *Metropolitan Fire Proofing Co., supra.*

Here, it is to be noted, an action at law in ejectment would undoubtedly be met by a plea of a possessory right in respect of the lands leased to the Cohens and devoted by them—or their successor—to the conduct of the business referred to. Moreover, the counter-claim filed by Sarah C. Morgan alleged fraud in the procurement of the deed made by her to the Cohens, and prayed a cancellation thereof; and the bill likewise charged that, in the procurement and prior recording of their deeds, the Cohens were guilty of fraudulent and unconscionable conduct.

While the decree does not invalidate the lease, the bill charged that, for an asserted lack of power in the executors, it "is void and of no effect." But this does not lead to a different result. The subject-matter is plainly within an ancient head of equity jurisprudence; and the jurisdictional question was not raised until the close of the case. It is the settled rule in this state that, unless the subject-matter of the bill of complaint be essentially beyond the domain of equitable cognizance, an objection that there is an adequate remedy at law must ordinarily be definitely raised *in limine,* or it will be regarded as waived, and the judgment will not be tainted with error. We have not subscribed to the view that, in such cases, the availability of an adequate legal remedy limits the jurisdiction itself; rather it is classed as a mere element entering into the propriety of its exercise. *Pridmore* v. *Ste-*

*neck, 122 N. J. Eq. 35.* See, also, *Naame* v. *Doughty, 109 N. J. Eq. 535,* where this court, in a somewhat similar case, reversed a decree dismissing the bill of complaint.

The decree is accordingly affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 14.

*For reversal*—None.