It is no less the exaction of reason and equity, than of the settled law, that courts require the violation of a condition which involves a forfeiture to be clearly established. *Page 399 
By a bargain and sale deed dated July 20th, 1939, the complainants for a nominal consideration of $1 conveyed to the defendant a parcel of land approximately fifty feet in width and extending 2,500 feet along the easterly side of Burnet Street, in the City of New Brunswick, from a point about opposite the premises of the New Jersey College for Women easterly to the traffic circle at the intersection of Burnet Street and State Highway Route No. 25.
The habendum clause of the deed is unqualified and describes an estate in fee-simple. The deed, however, embraces the following provision:
"And Provided Further that parties of the first part shall have the right and privilege of laying out and opening streets, avenues and walks through and over any part or parts of the premises hereinabove described, which said streets, avenues and walks shall be for the use of parties of the first part, their heirs, successors and assigns, and may be dedicated as public streets, avenues and walks.
"This conveyance is made on condition that the lands and premises herein conveyed shall be improved and used as a park and for no other purpose whatsoever, except such parts thereof as may be used for streets, avenues and walks by parties of the first part as hereinabove provided.
"No buildings shall be erected on said premises without the consent of parties of the first part, their heirs, successors and assigns, and in the event of the violation of any of the terms hereof or the abandonment of or failure to use said above described premises as and for a park, the lands and premises hereinabove described shall revert to parties of the first part, their heirs, successors and assigns, and the title, right and interest of the party of the second party shall cease and terminate.
"The right to use the driveways and entrances now existing in and through the lands hereinabove described is reserved to parties of the first part, their heirs, successors and assigns."
This cause is submitted for decision upon a stipulation of facts in which in addition to an admission of the jurisdictional circumstances, the defendant acknowledges by its answer that it has not yet improved and used the lands as a park. The complainants by their bill seek an adjudication that the defendant in consequence of its dereliction now has no estate, interest or right in the lands.
The suit is therefore inherently an equitable action of ejectment erected upon an alleged reversion resulting from forfeiture. *Page 400 
The reason which underlies the rule that equity will not ordinarily enforce a forfeiture is that in most instances forfeitures are harsh and oppressive. In causes otherwise properly cognizable in equity, there should be no insuperable objection to the enforcement or judicial confirmation of a forfeiture when the granting, rather than the denial, of that relief is more consonant with principles of right, justice, and morality. However, it is conceded here that the complainants are in peaceable possession of the lands and are thus unable to test the quality of their title at law. Cf. Heil v. Carteret,104 N.J. Eq. 349; 145 Atl. Rep. 631; Estate of Gilbert Smith, Inc.,
v. Cohen, 123 N.J. Eq. 419, 424; 196 Atl. Rep. 361. A billquia timet is to accomplish the ends of precautionary justice, and the jurisdiction to liberate the holders of real property from vexatious claims that cast a cloud upon their title and thus disturb them in its peaceable use and enjoyment is inherent in a court of equity. Holland v. Challen, 110 U.S. 15; 3 S.Ct. 495,500; 28 L.Ed. 52. Moreover the cause of action, although essentially legal, may in the present circumstances be prosecuted in equity by virtue of our statutory law. Oberon Land Co. v.Dunn, 56 N.J. Eq. 749; 40 Atl. Rep. 121; Freeholders of Countyof Cumberland v. Buck, 79 N.J. Eq. 472; 82 Atl. Rep. 418; Boardof Education, Borough of West Paterson v. Brophy, 90 N.J. Eq. 57; 106 Atl. Rep. 32. Nonetheless the rights of the parties are to be regarded and adjudicated according to the strict rules of the common law. Blackwood Improvement Co. v. Public ServiceCorp., 91 N.J. Eq. 220; 109 Atl. Rep. 820.
A dispute prevails concerning the proper characterization of the provision embodied in the deed.
Those interests in real property which are not absolute and unconditional have been recognized as "qualified estates." Among the qualified estates in addition to the fee tail are (1) estates on condition, (2) estates on limitation, and (3) estates on conditional limitation. An estate on condition is one which may be created, enlarged, diminished or defeated by the occurrence or failure of occurrence of some contingent event. Co. Litt. 201 a;2 Bl. Com. *152. The characteristics *Page 401 
of such interests, which distinguish them from the other forms of qualified estates, are that in order to defeat them the designated event must happen and the grantor or his heirs or privies in right and representation must re-enter. (An actual entry is no longer necessary; the right to re-enter is now sufficient to sustain an action. Cornelius v. Ivins,26 N.J. Law 376.) The property then reverts to the grantor or his heirs. An estate on limitation is one originated by the use of words denoting duration of time, such as "while," "during," "so long as," and the like. Co. Litt. 214 b; 2 Bl. Com. *155. The distinctive features of such estates are that when the designated limitative event happens, the estate ends naturally and necessarily without any re-entry by the grantor or his heirs, and the property reverts to them. An estate on conditional limitation is one which is conveyed to one person, so that, upon the occurrence or failure of occurrence of some contingent event (whether this be conditional or limitative), the estate shall depart from the original grantee and pass to another. Vol. iiGreenl. Cruise Dig. 265 § 30; 2 Bl. Com. *155.
Out of the variety of conditions with which estates may be impregnated, some are called conditions precedent and others conditions subsequent. A condition subsequent affects an interest which is already vested; and it either diminishes or eradicates that interest. Co. Litt. 201 a; Greenl. Cruise Dig. tit. XIIIch. I § 6 and note 1. Of course, the determination whether a condition is precedent or subsequent depends on an ascertainment of the intention of the parties. When a condition is observed to temper an estate, the courts prefer to regard it, if reasonably possible, as a condition subsequent rather than one precedent.United States v. Tennessee and C.R. Co., 176 U.S. 242; LakeSuperior, c., Co. v. Cunningham, 155 U.S. 354, 372. Yet, conditions subsequent have never been favored and are strictly construed because they tend to destroy vested estates.
While the definite characterization of a given provision in a deed or devise may at times be somewhat perplexing (seeMacKenzie v. Trustees of Presbytery of Jersey City, 67 N.J. Eq. 652; 61 Atl. Rep. 1027), I have resolved that in the *Page 402 
present cause the deed from the complainants to the defendant conveyed a fee upon a condition subsequent. A condition is quite distinct from a covenant. Woodruff v. Trenton Water Power Co.,10 N.J. Eq. 489, 507; Cf. Woodruff v. Woodruff, 44 N.J. Eq. 349; 16 Atl. Rep. 4. Normally, the responsibility for the breach of a covenant is the payment of damages. Ordinarily, the consequence of the failure to fulfill the terms of a condition is intended to be a forfeiture of the estate. The language of the proviso in this deed appropriately expresses a condition, and as if to dispel any doubt, it exhibits the intention that should there eventuate a "failure to use" the premises "as and for a park," the premises should "revert" to the complainants. Conditions have long been recognized by the use of words such as "proviso," "sub conditione," and "si contingat." Cf. Cornelius
v. Ivins, supra; Freeholders of County of Cumberland v. Buck,supra. Moreover, the proposed undertaking of the grantee apparently constituted the substantial consideration for the conveyance.
Obviously, the condition on which this estate was granted was subsequent and executory. The conveyance of the estate to the defendant was executed upon a condition of an affirmative nature that the grantee should thereafter improve and use the premises as a park and for no other purpose.
The supremely critical question is whether there has been such a distinct unconformity with the condition in the deed as to justify a forfeiture of the defendant's interest in the lands. It is at once observable that no specific time is prescribed by the parties for the fulfillment of the condition which in reasonable expectation would occupy some period in the future. In the absence of any limitation of time, it is legally implied that the grantee facing an executory condition such as that contained in the present deed shall have a reasonable time within which to perform the condition. Bouvier v. Baltimore and New YorkRailroad Co., 65 N.J. Law 313, 326; 47 Atl. Rep. 772.
The early English law frequently required things to be done within a reasonable time, but what a reasonable time is, it does not define. For it is a relative and flexible term which is not susceptible of a precise definition that will resolve *Page 403 
every occasion for its application. Quam longum debet esserationabile tempus non definitur in lege, sed pendet exdiscretione justiciariorum. Co. Litt. 50. A reasonable time is customarily estimated with regard to the intention of the parties and "according to the thing to be done" amid the existing and surrounding circumstances of the particular case.
True, five years have elapsed since the delivery of the deed, and it is confessed that the condition has not yet been carried into execution. Even so, equity before effectuating a forfeiture of the defendant's estate must ascertain whether the failure to perform has been attributable to the abnegation or unjustifiable indifference of the defendant or to some uncontrollable cause. It is not to be supposed that the parties intended an immediate performance of the condition regardless of all emergencies.
The stipulation of facts divulges that on or about April 15th, 1940, the defendant presented to the United States government, pursuant to the rules and regulations of the Work Projects Administration, the project of grading, landscaping and transforming the lands into a park. The estimated cost was $10,612. The proposal was rejected by the federal agency. Funds were not available for the purpose in the municipal budget of 1941. In further explanation, the defendant asserts that since the engagement of our nation in the present war, the mobilization of man power in the military service and in the war industries, plus the shortage or restricted allowance of requisite materials have suspended the ability of the defendant to conduct the necessary operations. The inaction is not shown to be ascribable to any culpable delinquency or censurable cause.
Rather it seems evident that the defendant desires to retain its interest in the lands conveyed and proposes to fulfill its obligations expressed in the deed as soon as the existing obstructive exigency subsides. In such circumstances, the granting at the present time of the relief sought by the complainants would be precipitant.
A decree will be advised dismissing the bill without prejudice and without costs. *Page 404