An orderly announcement of my conclusions requires some prefatory statement of the basic facts and of the litigious questions that have recently emanated from them.
By means of a deed of conveyance bearing date July 20th, 1909, one Hampton W. Cook and his wife transferred to the Trustees of the Young Men's Christian Association of the City of Trenton, New Jersey, a parcel of land situate at the southwesterly corner of Olden and Greenwood Avenues in Trenton. The object was to provide a site upon which the Association could erect a building to be known as the "William G. Cook Memorial Y.M.C.A. Building" and to be utilized in conformity with the constitution, by-laws, and regulations of the Association. *Page 402 
A studious observance of the provisions of the habendum
clause of the deed is essential. I prefer to quote itliteratim:
"TO HAVE AND TO HOLD the said plot of land and the building thereon erected, to it and its successors forever, as a place for the Association and training of young men in religious, educational and athletic work, according to the Constitution, By-laws, rules and usages of the Young Men's Christian Association of Trenton, New Jersey, upon the express limitations and subject to the following express reservations and conditions, that is to say; that the building which is to be erected upon the said land, when completed, shall be forever known as the `William G. Cook Memorial Y.M.C.A. Building,' and shall never be used for any other purposes than as a place for the Association and training of young men in religious, educational and athletic work, according to the Constitution, By-laws, rules and usages of the Young Men's Christian Association of Trenton, New Jersey; that no other building, buildings, structure or structures shall ever be erected on the said lands and premises above described, excepting such building or buildings, structure or structures, as may be required in connection with the said `William G. Cook Memorial Y.M.C.A. Building' and the use thereof as herein expressed; that the said party of the second part, or its successors shall not either by deed, mortgage, conveyance, judgment, execution, decree or process of law, or by any other ways or means, now or which may hereafter be known in law, or any way or means, either voluntary or involuntary, make sale, alienate, dispose of or otherwise charge or encumber the said premises, or permit or suffer the aforesaid described premises, by any process whatever known in law, to be sold, alienated, charged or encumbered, it being the object and purpose of the donor, the party of the first part, to have the said premises and the buildings thereon maintained upon the trust and for the charitable purposes hereinbefore declared; and if the said donee shall permit any one of the foregoing covenants and trusts to be broken, then it shall be lawful for the donor, his heirs and assigns, if he or they so elect, to re-enter upon said lands and premises and to hold, occupy, use and enjoy the same as if this deed of conveyance had not been made, executed and delivered. AND the said party of the second part, the donee in this deed of gift named, does hereby for itself and its successors, promise, covenant and agree to accept the said lands and premises by this deed of gift conveyed to it, and to use and devote the same to the purposes and objects hereinbefore declared by the donor."
A large and commodious building was thereupon erected upon the parcel of land and occupied in pursuance of the objects and purposes of the Association. On June 16th, 1927, Hampton W. Cook died testate, also leaving him surviving certain heirs-at-law. The memorable financial cataclysm *Page 403 
obliged the Association in 1934 to discontinue the use of the premises for its charitable and educational purposes, and the cessation of such use afforded the municipality the opportunity to subject the property to taxation. Taxes were levied and assessed upon it for the year 1943. On November 8th, 1944, the premises were sold to the complainant for delinquent taxes. On January 30th, 1947, the complainant instituted the present cause to foreclose his tax sale certificate.
The State of New Jersey, the Y.M.C.A. Association, and the heirs of Hampton W. Cook, deceased, are made defendants. The State and the Association have suffered decrees pro confesso to be entered against them. An answer and counter-claim have been filed in the cause on behalf of the heirs. The averments of the heirs, if epitomized, declare that the Association has forfeited its estate; that the heirs have elected to re-enter the premises, and that as reversioners they are entitled to the right of redemption of the premises from the tax sale, and that they desire to exercise such right. Cf. Carpender v. City of NewBrunswick, 135 N.J. Eq. 397; 39 Atl. Rep. 2d 40. The answer to the counter-claim is confined to an averment that the heirs have been guilty of laches in tardily attempting to effectuate the forfeiture and to assert their alleged rights. The foregoing recitals portray the background of the present cause.
The failure of the Association to fulfill the conditions specifically set forth in the deed is not only uncontroverted, but the proofs disclose that the directors of the Association in a formal manner have heretofore and for cogent reasons resolved to relinquish the use and occupancy of the property.
This court in the exercise of its general equity jurisdiction to direct in such exigencies that gifts for charitable uses be administered cy pres, will not do so sua sponte where, as here, the donor has expressly prescribed the disposition to be made of his gift in the event that it cannot be or is not administered by the donee in accordance with the donor's intentions. Larkin v. Wikoff, 75 N.J. Eq. 462;72 Atl. Rep. 98; affirmed, 77 N.J. Eq. 589; 78 Atl. Rep. 1134; In re YoungWomen's Christian Association, 96 N.J. Eq. 568, 573;126 Atl. Rep. 610. *Page 404 
In view of all of the extenuating circumstances, the complainant's charge of laches is not equitably meritorious. To defeat an estate on conditional limitation, it is no longer necessary for the grantor or his heirs or privies in right and representation actually to enter the property. The right to re-enter is now sufficient to sustain an action. Cornelius v.Ivins, 26 N.J. Law 376.
And so I would feel justified in confirming and sustaining the right of redemption claimed by the heirs were it not for a circumstance that has attracted my attention.
I observe the allegation in the bill that the donor Hampton W. Cook died testate. His last will and testament has not been introduced in evidence. He was permitted by statute to devise any contingent or executory interest, right of entry for condition broken, or other future estate or interest in expectancy as he may then have had or to which he should at any time be entitled, although the contingency on which such right, estate or interest is to vest may not then have occurred. R.S. 46:3-7, N.J.S.A.;Cf. Southard v. Central Railroad Co., 26 N.J. Law 13, 21. Did he do so? And if he made such a devise, are such devisees parties to this cause and their rights now subject to the decree of this court?
I will hear counsel on this last-mentioned point on any motion day or by special appointment.
 * * * * * * *
Presumably in consequence of the foregoing memorandum the Trenton Trust Company in its capacity as trustee under the will of Hampton W. Cook, deceased, and also certain beneficiaries of his residuary trust have entered this cause as defendants. They aver that by reason of the circumstances hereinbefore related and by virtue of the terms of the donor's will, the title to the premises has reverted to the Trenton Trust Company as testamentary trustee for the uses and purposes of the residuary trust.
It is observed that in the second article of his will the testator Hampton W. Cook declared: "All the rest, residue and remainder of my estate, of whatsoever kind, in possession or expectancy, including my interest in the estate of my deceased brother, William G. Cook, I give and devise to the Trustee *Page 405 
hereinafter named upon the following trusts * * *." It would be exceedingly difficult for a testator to phrase a more exhaustive and plenary declaration of intention to make a testamentary disposition of every grain of his transferable estate. It is argumentatively suggested on behalf of the heirs that the only future or expectant interest which was within the contemplations of the testator was that derived from the fourth paragraph of his brother's will. The testator's language manifestly banishes such an inference. He speaks of the residue of his estate "of whatsoever kind." He superadded the words "in possession or expectancy;" then following a comma, he specified that the residue within any of such categories should inter alia cover, enclose, and embrace his interest in the estate of his deceased brother. Such is the import of his use of the word "including" in its existing context. To surmise that the testator had forgotten the conditional provisions which he himself had so deliberately embodied in his deed to the Association is not permissible.
The bequest of a portion of the income of the testator's trust to the Y.M.C.A. is said to display the absence of any expectation that the property would be abandoned and its title forfeited. The bequest is qualified to adapt itself to the limitations of the deed in that the testator declared in his will that: "This endowment is to be used for no other purpose whatsoever than towards maintaining the William G. Cook Senior Memorial Young Men's Christian Association Building, Greenwood and Olden Avenues, Trenton, New Jersey, erected and given to [sic] me to the Trustees of the Trenton Young Men's Christian Association, in memory of my father and there carry on Young Men's Christian Association work." (Italics mine.)
In answer to the final point, equity will not in the circumstances deprive the residuary legatees of the enjoyment of their beneficial interests because of the delay of the trustee in entering and assuming possession of the premises.
I conclude that the title to the property has vested in the Trenton Trust Company as trustee, and that the trustee is the party lawfully entitled to exercise the right of redemption from the tax sale. *Page 406