200 N.J. Super. 185 (1985)
491 A.2d 14
WILLIAM M. JOHNSON, II, BLANCHE JOHNSON TRIX, NATALIE ALLISON, THOMAS E. GARDNER AND LUCY GARDNER SHEPARD, PLAINTIFFS-APPELLANTS,
v.
THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1985.
Decided April 9, 1985.
*187 Before Judges KING, DEIGHAN and BILDER.
Mark R. Decker argued the cause for appellants (Ravin, Sarasohn, Cook, Baumgarten & Fisch, attorneys; David N. Ravin, on the brief).
Sheri K. Siegelbaum argued the cause for respondent (Moses & Toskos, attorneys; Sheri K. Siegelbaum, on the brief).
*188 The opinion of the court was delivered by BILDER, J.A.D.
In 1930 members of the Johnson family gave property, now known as Johnson Park, to defendant City of Hackensack. The indenture of trust which conveyed the property restricted the use of the land to park purposes and contained a reverter clause in the event it ceased to be used for that purpose. Plaintiffs, the legal representatives of George W. Johnson and William Kempton Johnson, appeal from a summary judgment dismissing an action in which they claimed the deed condition had been violated and that title in the land had therefore reverted to them.
As applicable to this case, the indenture provided:
To have and to hold ... upon this express condition that the lands and premises shall and will be used by the [City of Hackensack] its successors and assigns forever only for park purposes and for no other purposes [sic] or purposes whatever (excepting that so much thereof as may be required for the extension on River Street northerly may be used for that purpose) including the right to erect and maintain only such buildings thereon as may be essential for the maintenance of such park. And in the event [the City of Hackensack] shall at any time cease to use said premises for park purposes the title thereto shall revert to and become vested in the said George W. Johnson and William Kempton Johnson or their legal representatives and all interest of the said City of Hackensack therein shall cease and determine.
Johnson Park is the third largest park in Hackensack. Its 20 to 21 acres contain tennis courts, basketball courts, baseball diamonds, an ice skating rink, a soccer field, swings, slides and other children's playground equipment, park benches and picnic tables. It also contains a pistol range, a greenhouse and nursery, and a maintenance garage.
Plaintiffs contended that the latter uses, together with the use of the northeast corner of the park as a dump site and the use of the park itself as a thoroughfare for dumping on adjacent property belonging to Fairleigh Dickinson University, were non-park uses and automatically caused the property to revert and vest in plaintiffs. It was undisputed that material has been deposited in the northeast corner of Johnson Park for many years. The Park lies along the Hackensack River and material has been dumped and graded in an area described as *189 swampy ground which may be part of Johnson Park or may be adjacent property belonging to Fairleigh Dickinson University  or both. Whether the material is clean fill or contains inappropriate material is disputed, but it is undisputed the area is compacted and has ultimately been seeded. We were advised at oral argument that the present soccer field is on filled land.
On appeal plaintiffs reassert the arguments they made below contending the pistol range, maintenance garage, greenhouse and nursery, and dump site are non-park uses as a matter of law, thus triggering the reverter clause. Alternatively, they contend the uses are disputed material facts which bar the entry of a summary judgment. See Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 74 (1954).
In his letter opinion of March 14, 1984, Judge Lucchi found that "the four facilities or operations complained of are substantially related to park purpose, and are for the enhancement of the park, and the benefit of the public." From an examination of the depositions, we are satisfied his findings find ample support in the record. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974). The visit which the trial court made to Johnson Park was consented to by counsel at the motion heard on December 2, 1983. On notice to counsel the members of this court also visited the park on the date of argument. This visit was undertaken as an aid to understanding the record, not to expand the record. See Galdieri v. Board of Adjustment of Tp. of Morris, 165 N.J. Super. 505, 513, n. 3 (App.Div. 1979).
Additionally, we note that even if there were controverted facts with respect to the uses which plaintiffs contend violate the restrictions set forth in the original grant, the summary judgment would have been proper because the reverter clause does not operate in the presence of the other substantial park uses. Disputes as to immaterial or irrelevant facts will not bar such relief. See Judson v. Peoples Bank and Trust Co. of Westfield, supra, 17 N.J. at 75.
*190 As Judge Lucchi noted in his written opinion, language which may defeat an estate must be strictly construed and always against rather than in favor of a forfeiture. See Hagaman v. Bd. of Ed. of Tp. of Woodbridge, 117 N.J. Super. 446, 453 (App.Div. 1971). When the land was conveyed, the grantors created an estate in fee simple determinable  an estate which terminates automatically upon the happening of a stated event. 2 Powell, Real Property, § 187 at 44-45 (1983). Plaintiffs contend that the use of any part of the park for non-park purposes terminates the preceding estate. We disagree.
Whether a terminating event has occurred involves a determination of two separate questions. Simes, Future Interests, § 293 at 352 (2d Ed. 1956). First, the language must be construed to identify the event and, second, a factual determination must be made as to whether the event has occurred. Id. A condition in a deed which is relied upon to defeat an estate is strictly construed and, when possible, against forfeiture. Hagaman v. Bd. of Ed. of Tp. of Woodbridge, supra at 453. The violation of a condition which involves forfeiture must be clearly established. Carpender v. New Brunswick, 135 N.J. Eq. 397, 398 (Ch. 1944). "When the event upon which the estate of the transferee is to terminate consists of a failure to use the premises in a particular way, it is clear that the courts are reluctant to find a termination." Simes, Future Interests, supra at 352.
Johnson Park is a 21-acre area filled with recreational facilities. Plaintiffs have, at best, seized upon four minor uses and attempted to elevate them to the substance of the land use. Where a forfeiture results from the failure to use property for the purpose specified in the deed, a minor deviation from that use will not effect the forfeiture as long as the specified use is substantially carried out. See Marthens v. B. & O. Railroad Co., 289 S.E.2d 706, 713 (W. Va.Sup.Ct.App. 1982). We are fully satisfied that defendant has not "cease[d] to use said premises *191 for park purposes." If plaintiff's contentions as to the four minor uses were correct, and we agree with Judge Lucchi that the uses are park-related uses, the most that could be said is that these unpermitted uses could be restrained in an appropriate proceeding. See Annotation, "Nature of estate conveyed by deed for park or playground purposes," 15 A.L.R.2d 975, 977 (1951).
Affirmed.